UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, acting through the United States Department of Agriculture – Farm Service Agency<br><br>Plaintiff<br><br>v.<br><br>MARGARITA LÓPEZ DÍAZ  as joint debtor and as known member of the Estate of JOSÉ A. GONZÁLEZ RAMOS; AND RAQUEL GONZÁLEZ LÓPEZ, LUCÍA GONZÁLEZ LOPEZ and minor "JGL" as known members of the Estate of JOSÉ A. GONZÁLEZ RAMOS; AND JOHN DOE AND RICHARD ROE IN THEIR CAPACITY AS UNKNOWN HEIRS OR PARTIES IN INTEREST TO THE ESTATE OF JOSÉ A. GONZÁLEZ RAMOS; UNITED STATES OF AMERICA<br><br>Defendants | CIVIL NO.<br><br><br>Foreclosure of Mortgage |

## COMPLAINT

COMES NOW the United States of America, acting through the U.S.D.A. (hereinafter, the U.S.D.A.) through its undersigned attorney, and respectfully alleges and prays this Honorable Court as follows:

1.    Jurisdiction of this action is conferred on this Court by 28 U.S.C. Section 1345.

2.    Plaintiff, United States of America, through the U.S.D.A., an agency of the United States of America organized and existing under the provisions of The Consolidated Farm and Rural Development Act, 7 U.S.C. 1921 et seq., is the owner and holder of the mortgage Note in the amount of $52,760 with interest at the rate of 9% subscribed by Mr. José González Ramos and his wife Margarita López Díaz in favor of the plaintiff.  An English translation of the Note is attached hereto as **Exhibit 1,** and a copy of the original

document in the Spanish language is attached as **Exhibit 2**.

3.      For the purpose of securing the payment of said mortgage Note, a Deed of Mortgage was constituted by José González Ramos and his wife Margarita López Díaz in favor of the plaintiff, under the terms and conditions stipulated and agreed therein, through Deed Number 90 dated the same date as the mortgage note. (**Exhibits 3 and 4**)  The attached title search, **Exhibit 5**, confirms the fact that the mortgage lien was in registered recorded at overleaf of page 171 of volume 276, property number 8,761, 3rd inscription in the Registry of Property of Guayama.

4.      The loan obligation that originated with the Note for $52,760, was modified June 26, 1986 pursuant to Deed No. 37 titled Reamortization of Loan Mortgage and Mortgage Modification whereby the parties agreed that as of June 26, 1986 the amount of principal and interest owed was $66,066.94. Said amount would accrue interest at the annual rate of 5%. An English translation foe said modification is attached hereto as **Exhibit 6** and a copy of the original document in the Spanish language is attached as **Exhibit 7**. The title search attached as **Exhibit 4** confirms that the deed constituting the loan modification is duly registered in the Registry of Property. It was recorded at page 175 of volume 276, marginal note, dated July 11, 1986, in the Registry of Property of Guayama. This is the lien that the plaintiff seeks to foreclose in the present case.

5.      Plaintiff is also the owner and holder of the Mortgage Note in the amount of $8,240. with interest at the rate of 9% subscribed by Mr. José González Ramos and his wife Margarita López Díaz in favor of the plaintiff.  An English translation of the Note is attached hereto as **Exhibit 8,** and a copy of the original document in the Spanish language is attached as **Exhibit 9**.

6.      For the purpose of securing the payment of said mortgage Note, a Deed of Mortgage was constituted by José González Ramos and his wife Margarita López Díaz in favor of the plaintiff, under the terms and conditions stipulated and agreed therein, through Deed Number 20 dated the same date as the mortgage note. (**Exhibits 10 and 11**).  The attached title search, **Exhibit 4**, confirms the

fact that the mortgage lien was recorded at page 173 of volume 276 of Guayama, property number 8,761, 4th inscription.  Plaintiff also seeks to foreclose this mortgage lien in the present case.

7.     The loan obligation that originated with the Note for $8,240, was modified June 26, 1986 pursuant to Deed No. 38 titled Reamortization of Loan Mortgage and Mortgage Modification whereby the parties agreed that as of June 26, 1986 the amount of principal and interest owed was $9,971.61. Said amount would accrue interest at the annual rate of 8.25%.  An English translation of said modification is attached hereto as **Exhibit 12,** and a copy of the original document in the Spanish language is attached as **Exhibit 13**. The title search attached as **Exhibit 4** confirms that the deed constituting the loan modification is duly registered in the Registry of Property.

8.     According     to     the     Property     Registry,     the     codefendants     herein appear as owners of record of the real estate property subject of this case, which is described as follows:

> **RÚSTICA:** Parcela de terreno con cabida de noventa punto doscientos sesenta y nueve cuerdas, equivalentes a treinta y cinco hectáreas, cuarenta y siete áreas y noventa y dos centiáreas, sito en los Barrios Jobos y Pozo Hondo, lugar del Río Seco del término municipal de Guayama, Puerto Rico. En lindes: por el **SUR,** con la finca principal de la cual se segrega, propiedad de Don Carlos Matos Zeno; por el **ESTE,** con terrenos de la Sucesión de Manuel González; por el **OESTE,** con finca propiedad de Don Carlos A. Matos Zeno; por el **NORTE,** con parcela de terreno propiedad de la Administración de Programas Sociales del Estado Libre Asociado de Puerto Rico y con parcela segregada y vendida a la Iglesia Católica Apostólica y Romana de Puerto Rico, Parroquia San Antonio de Guayama y con finca propiedad del señor Ramón González. Plaintiff's mortgage was recorded at page 188 of volume 54 of Adjuntas, property number 2475, 33rd inscription, at the Registry of the Property of Utuado, Puerto Rico.

Said collateral is lot number 8,761, recorded at page 170 of volume 276 of the Registry of the Property of Guayama, Puerto Rico.

9.     Plaintiff has learned that the original debtor, Mr. José A. González Ramos is deceased.  Therefore, plaintiff includes as codefendants, in addition to Mrs. Margarita López Díaz who is jointly liable for all amounts owed to the plaintiff, the heirs of Mr. José A. González Ramos.

These heirs constitute the Estate of José A. González Ramos; they are codefendants and are jointly liable to the plaintiff together with Mrs. Margarita López Díaz. The known heirs that are part of the Estate of Mr. José A. González Ramos are Raquel González López, Lucía González Lopez, "JGL" (identified by his/her initials because plaintiff has learned that he/she is a minor), and Margarita López Díaz (in her capacity as widow to Mr. González) and John Doe and Richard Roe in their capacity as unknown heirs or parties in interest to the Estate of José A. González Ramos

10.   It was expressly stipulated in the note evidencing the indebtedness that default in the payment of any part of the covenant or agreement therein contained will authorize the plaintiff as payee of said note, to declare due and payable the total amount of the indebtedness evidenced by said note, and proceed with the execution and/or foreclosure of the mortgage.

11.   The defendants herein have failed to comply with the terms of the mortgage contract by failing to pay the installments due until the present day, and that after declaring all the indebtedness of defendants due and payable, defendants owe to the United States according to the certified statements of account included as **Exhibit 14** and made part of the complaint, the following amounts:

a.  For the loan obligation with an original principal amount of $52,760:

    i.   $59,304.93 of principal,

    ii.   $91,795.53 of accrued unpaid interest accrued as of September 9, 2020, and thereafter until its full and total payment, which interest amount increases at the daily rate of $8.1240,

    iii.   Plus insurance premium, taxes, advances, late charges, costs, court costs expenses, disbursements and attorney's fees guaranteed under the mortgage obligation.

The above loan obligation is **fully matured**.

b.  For the loan obligation with an original principal amount of $8,240:

i.    $2,560.62 of principal,

ii.   $1,572.14 of accrued unpaid interest accrued as of September 9, 2020, and
      thereafter until its full and total payment, which interest amount increases at
      the daily rate of $.5788,

iii.  Plus insurance premium, taxes, advances, late charges, costs, court costs expenses,
      disbursements and attorney's fees guaranteed under the mortgage obligation.

The above loan obligation has accrued **18 years** of delinquency as of August 12,
2019.

12.    The defendants herein owe the United States the aforementioned amounts, and
have refused to pay said indebtedness in spite of plaintiff's demands and collection efforts.  They
are all jointly liable to the plaintiff.

13.    The indebtedness evidenced by the aforementioned note is due and payable and is
also secured by a mortgage over the property described above.

14.    Codefendant MARGARITA LÓPEZ DÍAZ  is not currently active in the military
service for the United States. Plaintiff is unable to provide a "Status Report pursuant to
Servicemembers Civil Relief Act" for the remainig codefendants since we do not know their social
security numbers. **Exhibit 15 .**

15.    The United States of America is included as a party of interest in this action
because, according to the Title Search for Property #8,761, there is a Federal Tax Lien affecting
it. **Exhibit 4.**

16.    The real estate property which is hereby being foreclosed is subject to the following
liens in the rank hereby indicated:

a) Recorded Liens with preference or priority over mortgage herein executed:

Mortgage lien, of junior rank to the two liens that plaintiff seeks to foreclose: In favor of

United States of America acting as Farmer Home Administration, in the original principal

amount of $8,424.49, with 5% annual interests, due on 4 years, constituted by deed #35,

executed in Guayama, Puerto Rico, on June 26, 1986, before Livia E. Rovira de Fuster Notary

Public, recorded at page 174 of volume 276 of Guayama, property number 8,761, 6th inscription.

Mortgage lien of junior rank to the two liens that the plaintiff seeks to foreclose: In favor

of United States of America acting as Farmer Home Administration, in the original principal

amount of $50,923.77, with 5% annual interests, due on 6 years, constituted by deed #36,

executed in Guayama, Puerto Rico, on June 26, 1986, before Livia E. Rovira de Fuster Notary

Public, recorded at page 174 of volume 276 of Guayama, property number 8,761, 7th inscription.

## VERIFICATION

I, Jacqueline Lazú Laboy, of legal age, married, executive and resident of Humacao, Puerto

Rico, in my capacity as Acting Director for the Loan Resolution Task Force (LRTF) of the

U.S.D.A.-Farm Service Agency (on behalf of the United Stated of America) in San Juan, Puerto

Rico, under the penalty of perjury, as permitted by Section 1746 of Title 28, United States Code,

declare and certify:

1) My name and personal circumstances are stated above;

2) I subscribed this complaint as the legal and authorized representative of the plaintiff;

3) Plaintiff has a legitimate cause of action against the defendants above named which

warrants the granting of relief requested in said complaint;

4)   Defendants are a necessary and legitimate party to this action in view of the fact that

they originated or assumed the mortgage obligation subject of this foreclosure, or bought the

property subject to said mortgage;

5)   From the information available to me and based upon the documents in the Farm Service Agency, it appears that defendants have not been declared incompetent by a court of justice with authority to make such a declaration;

6)   I have carefully read the allegations contained in this complaint and they are true and correct to the best of my knowledge and to the documents contained in the files of the Farm Service Agency;

7)   I have carefully examined the Exhibits included to this complaint which are true and correct copies of the originals. The mortgage deeds have been duly recorded in the Property Registry.

I make the foregoing declaration under penalty of perjury, as permitted under Section 1746 of Title 28, United States Code.

In San Juan, Puerto Rico, this 14 day of October 2020.

JACQUELINE LAZU LABOY

## PRAYER

WHEREFORE, the plaintiff demands judgment as follows:

a)   That defendants' pay unto the plaintiff the amounts claimed on this complaint;

b)   or in default thereof that all legal right, title and interest which the defendants may have in the property described in this complaint and any building or improvement thereon be sold at public auction and that the monies due to the United States as alleged in the preceding paragraphs be paid out of the proceeds of said sale;

c)   that the defendants and all persons claiming or who may claim by, from or under them be absolutely barred and foreclosed from all rights and equity of redemption in and to said property;

d)      that if the proceeds of such sale be insufficient to cover the amounts specified under paragraph 10 of this prayer, said defendant be adjudged to pay to the United States the total amount of money remaining unsatisfied to said paragraph (a) of this prayer, and execution be issued forthwith against said defendants for the payment of said deficiencies against any of the other properties of any said defendants;

e)      that if the proceeds of said sale exceed the sum of money to be paid to the United States as aforesaid, any such excess be deposited with the Clerk of this Court subject to further orders from the Court;

f)      that once the property is auctioned and sold, the Clerk of this Court issue a writ addressed to the Registry of the Property ordering the cancellation of the foreclosed mortgage liens and of any other junior liens recorded therein;

g)      for such further relief as in accordance with law and equity may be proper.

In Guaynabo, Puerto Rico, this 21 day of October, 2020.


/s/ Juan Carlos Fortuño Fas
JUAN CARLOS FORTUÑO FAS
USDCPR 211913
FORTUÑO & FORTUÑO FAS, C.S.P.
P.O. BOX 9300
SAN JUAN, PR 00908
TEL. 787-751-5290
FAX. 787-751-6155
Email: dcfilings@fortuno-law.com


F:\1521 Department of Justice\Casos Activos\1521.207 Margarita López Díaz\2020-12-14 Complaint.docx

CERTIFIED TRANSLATION

FHA 440-16 (S) PR

(Rev. 11/10/75)

United States Department of Agriculture

FARMERS HOME ADMINISTRATION

| KIND OF LOAN | | STATE<br>PUERTO RICO |
|---|---|---|
| Type:        F.O.<br>☐   Consolidate Farm and Rural<br>     Development Act.<br>☒   Title V of the Housing Act of 1949 | PROMISSORY NOTE | COUNTRY<br>GUAYAMA<br>CASE NO.<br>63-06-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 |

Date        _____AUGUST 17_____    19   79

FOR VALUE RECEIVED, the undersigned (whether one or more persons, hereinafter called "Borrower") jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture (hereinafter called the "Government") at its office in LEGION AMERICANA BUILDING, 134.2 LOS VETERANOS AVENUE, GUAYAMA, PUERTO RICO

THE PRINCIPAL SUM OF FIFTY TWO THOUSAND SEVEN HUNDRED SIXTY DOLLARS ($52,760.00), plus INTEREST on the UNPAID PRINCIPAL of NINE PERCENT (9 %) PER ANNUM.

Payment of the Principal and Interest shall be as agreed between the Borrower and Government using one of four alternatives as indicated bellow: (check one):

☐ I.   Principal and Interest payments shall be deferred.  The first installment shall be all accrued interest and shall be due on_____, 19___.  Payment of Principal and later accrued Interest shall be in _____ installments as indicated in the box bellow:

☐ II.   Principal and Interest payments shall be deferred.  The Interest accrued to _____ _____19, ___ shall be added to the Principal.  Such new Principal and later accrued Interest shall be payable in _____ regular          amortized installments on the dates indicated in the box bellow.  Borrower authorizes the Government to enter the amount of such new Principal herein $_____ and the amount of such regular installments in the box below, when such amounts have been determined.

☐ III.  Payment of Interest shall no be deferred.  Installments of accrued Interest shall be payable on the_____ of each of each_____ beginning on _____,19___ through_____,19__, Principal and later accrued Interest shall be paid in _____ installments as indicated in the box bellow;

☒ IV. Payments shall  not  be  deferred.   Principal  and  Interest  shall  be  paid  in 41 installments as indicated in the box bellow:

2

$ __1,783.00_____ on _____JANUARY 1^ST_____ , 19 _80_ , and

$ __4,905.00_____ thereafter of the _____JANUARY 1^ST_____ of each __YEAR__

Until the PRINCIPAL and INTEREST are fully paid except that the FINAL INSTALLMENTS of the entire indebtedness evidenced hereby, if not sooner paid shall

be due and PAYABLE _____FORTY_____ ( 40 ) YEARS

from the DATE of this NOTE. The consideration hereof shall support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval of the Government is mandatory provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown on the reverse hereof. Borrower authorizes the Government to enter the amount and date of such advance in the Record of Advances.

Every payment made on any indebtedness evidenced by this note shall be applied first to interest computed to the effective date of the payment and then to principal.

Prepayments of schedule installments, or any portion thereof, may be made at any time at the option of Borrower. Refunds and extra payments, as defined in the regulations (7C.F.R. 1861.2) of the Farmers Home Administration according to the source of funds involved, shall, after payment, of interest, be applied to

3

the installments last to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled herein.

Borrower agrees that the Government at any time may assign this note and insured the payment thereof, and in such case, though the note is not held by the Government, Borrower shall continue to pay to the Government, as collection agent for the holder, all installments of principal and interest as schedule herein.

If this note is held by an insured lender, prepayments made by Borrower may the option be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on either a calendar quarter basis or an annual installment due date basis. The effective date of any prepayment retained and remitted by the Government to the holder on an annual installment due date basis, shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between the effective date of any such prepayment and the date of the Treasury check to the holder.

Borrower hereby certifies that he is unable to obtain sufficient credit elsewhere to finance his actual needs at reasonable rates and terms, taking into consideration prevailing private and cooperative rates and terms in or near his community for loans for similar purposes and periods of time, and that the loan evidenced by hereby shall be used solely for purposes authorized by the Government.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced hereby shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower (a) will personally

4

operate such property as a farm with his own and his family's labor if this FO loan or (b) will personally occupy and use such property if this is a (RH) loan on a "nonfarm tract" or a Section 504 housing loan.

REFINANCING AGREEMENT. If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. This paragraph and the preceding paragraph shall not apply to any co-maker signing this note pursuant to Section 502 of the Housing Act of 1949 to compensate for deficient repayment ability of other undersigned person(s).

DEFAULT: Failure to pay when due any debt evidenced hereby or perform any covenant or agreement hereunder shall constitute default under any other instrument evidencing a debt of Borrower owing to or insured by the Government or securing or otherwise relating to such a debt, and default under any such other instrument shall constitute default hereunder. UPON ANY SUCH DEFAULT, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This note is given as evidence of a loan to Borrower made or insured by the Government under Title V of the Housing Act of 1949 if the box "KIND OF LOAN" above. This note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions hereof.

5

·Presentment, protest, and notice are hereby waived.

(Sgd.) JOSÉ A. GONZÁLEZ RAMOS

(BORROWER)   (SEAL)

(Sgd.) MARGARITA LÓPEZ DÍAZ                    (SEAL)

(SPOUSE)

PUENTE JOBOS WARD

GUAYAMA, PUERTO RICO 00654

| RECORD OF ADVANCES | | | | | |
|---|---|---|---|---|---|
| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
| (1)$   52,760.00 | 8/17/79 | (8)$ | | (15)$ | |
| (2)$ | | (9)$ | | (16)$ | |
| (3)$ | | (10)$ | | (17)$ | |
| (4)$ | | (11)$ | | (18)$ | |
| (5)$ | | (12)$ | | (19)$ | |
| (6)$ | | (13)$ | | (20)$ | |
| (7)$ | | (14)$ | | (21)$ | |
| | | | TOTAL | $   52,760.00 | 8/17/79 |

6

This promissory note after being credited the amount of $2,304.73 to the principal and $195.27 to the interests, comes up with an outstanding balance of $50,193.88 as of January 22, 1982. I SO ATTEST.

(sgd.) Illegible
Notary Public

[OFFICIAL NOTARY PUBLIC SEAL]

NOTE:  The amount of the note and the guaranteeing mortgage, re-amortized as of June 26, 1986, came up with an outstanding balance of $60,066.94 with interests at a rate of 9% per year, which debt from now on shall earn a new interest of 5% per year and which debt shall be paid in the following manner:  $1,526.00 on or before January 1,1987 and $3,755.00 on or before of each subsequent January 1, except that the final payment of the debt herein contracted shall be done on or before August 17, 2019, as it comes forth deed #37 for Re-amortization of Mortgage Loan and Modification of Loan, before Notary Public Livia E. Rovira de Fuster.  In Guayama, Puerto Rico, on June 26, 1986.. I SO ATTEST.

(sgd.) LIVIA E. ROVIRA DE FUSTER
Notary Public

[OFFICIAL NOTARY PUBLIC SEAL]



7

ADMINISTRACION DE HOGARES DE AGRICULTORES

Form FmHA 440-16
(Rev. 11-10-75)

| CLASE DE PRESTAMO | | ESTADO<br>PUERTO RICO |
|---|---|---|
| Tipo: FO | | OFICINA<br>GUAYAMA |
| De acuerdo a:<br>☒ Consolidated Farm and Rural Development Act.<br>☐ Title V of the Housing Act of 1949 | | CASO NUM.<br>63-06-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 |

PAGARE

Fecha ___17 DE AGOSTO DE___ , 19_79_.

**POR VALOR RECIBIDO**, el subscribiente (ya sea una o más personas, denominado en adelante "Prestatario...") mancomunada y solidariamente pagaremos a la orden de Estados Unidos de América, actuando por conducto de la Administración de Hogares de Agricultores del Departamento de Agricultura de los Estados Unidos, (denominado en adelante el "Gobierno") en su oficina en EDIFICIO DE LA LEGION AMERICANA, AVENIDA LOS VETERANOS #134.2, GUAYAMA, PUERTO RICO

**LA SUMA PRINCIPAL DE** CINCUENTA Y DOS MIL SETECIENTOS SESENTA ---------- **DOLARES ($** 52,760.00---------------- **), más INTERESES** sobre el **PRINCIPAL ADEUDADO** al NUEVE-------- **POR CIENTO (**-----9 %**) ANUAL.**

El pago de dicho Principal e Intereses será según acordado entre el Prestatario y el Gobierno usando una de las cuatro alternativas como se indica más abajo: (marque uno)

☐ I. Pagos de Principal e Intereses serán diferidos. El primer plazo será de intereses acumulados y vencerá en _____ , 19 _____ . El Pago de Principal e Intereses acumulados subsiguientemente serán en _____ plazos como se indica en el encasillado más abajo;

☐ II. Los pagos de Principal e Intereses serán diferidos. Los intereses acumulados a _____ , 19 ____ serán sumados al Principal. Dicho nuevo Principal e Intereses acumulados subsiguientemente serán pagaderos en _____ plazos regulares amortizados en las fechas indicadas en el encasillado más abajo. El Prestatario autoriza al Gobierno a anotar la cantidad de dicho nuevo Principal aquí $ _____ y la cantidad de dichos plazos regulares en el encasillado más abajo, cuando dichas cantidades hayan sido determinadas.

☐ III. El Pago de Intereses no será diferido. Plazos de Intereses acumulados serán pagaderos el _____ de cada _____ empezando en _____ , 19 ____ , hasta _____ , 19 ____ . Principal e Intereses acumulados subsiguientemente serán pagados en _____ plazos como se indica en el encasillado más abajo;

☒ IV. Los Pagos no serán diferidos. Principal e Intereses serán pagaderos en --------41---------- plazos como se indica en el encasillado más abajo:

$ 1,783.00 \ en PRIMERO DE ENERO DE , 19_80_ , y
$ 4,905.00 subsiguientemente al PRIMERO DE ENERO de cada AÑO hasta que el **PRINCIPAL** e **INTERESES** sean completamente pagados excepto que el **PLAZO FINAL** de la deuda aquí evidenciada, de no ser pagado anteriormente, vencerá y será **PAGADERO** CUARENTA------------ (-40-) **AÑOS** de la **FECHA** de este **PAGARE**. La consideración aquí envuelta respaldará cualquier convenio modificando el plan de pagos anterior.

Jay-Ce–Agricultura

FmHA 440–16 (Rev. 11-10-75)

Si la cantidad total del préstamo no es adelantado a la fecha del cierre, el préstamo será adelantado al Prestatario según solicitado por el Prestatario y aprobado por el Gobierno. La aprobación del Gobierno es mandatoria siempre y cuando el adelanto es solicitado para un propósito autorizado por el Gobierno. Se acumularán intereses por la cantidad de cada adelanto desde su fecha actual como se muestra aquí al reverso. El Prestatario autoriza al Gobierno a anotar la cantidad y fecha de tal adelanto en el Registro de Adelantos.

Todo pago hecho en cualquier deuda representada por este pagaré será primero aplicado a intereses computados a la fecha efectiva del pago y después al principal.

Pagos adelantados de los plazos estipulados, o cualquier parte de los mismos, podrán hacerse en cualquier tiempo a opción del Prestatario. Reembolsos y pagos extras, según se definen en los reglamentos (7 C.F.R. 1861.2) de la Administración de Hogares de Agricultores, de acuerdo con la fuente de los fondos envueltos, después de abonarse los intereses, se aplicarán a los últimos plazos a vencer bajo este pagaré y no afectarán la obligación del Prestatario de pagar los restantes plazos según se especifican en este mismo.

El Prestatario conviene en que el Gobierno en cualquier momento podrá negociar este pagaré y asegurar el pago del mismo, y en tal caso, aunque el Gobierno no sea el tenedor de dicho pagaré, el Prestatario continuará haciendo los pagos de principal e intereses al Gobierno, como agente cobrador del tenedor, según se especifican en este.

Si este pagaré está en poder de un prestamista asegurado, los pagos adelantados hechos por el Prestatario podrán a opción del Gobierno, ser remitidos por el Gobierno prontamente al tenedor, excepto       el pago final, o podrán ser retenidos por el Gobierno y remitidos al tenedor a base de pagos trimestrales o a base de plazo anual vencido. La fecha efectiva de cualquier pago adelantado retenido y remitido por el Gobierno al tenedor a base de plazo anual vencido será la fecha del pago adelantado por el Prestatario y el Gobierno pagará los intereses a los cuales el tenedor tiene derecho que se devenguen entre la fecha efectiva de cualquier de dichos pagos adelantados y la fecha del cheque del Tesoro remitido al tenedor.

El Prestatario por la presente certifica que no puede obtener crédito suficiente de otras fuentes para financiar sus necesidades actuales a un tipo de interés y términos razonables, tomando en consideración los tipos y términos prevalecientes de fuentes privadas y cooperativas en o cerca de su comunidad, para préstamos con períodos de tiempo y propósitos similares, y que el préstamo aquí evidenciado se usará solamente para propósitos autorizados por el Gobierno.

La propiedad construida. mejorada, comprada o refinanciada en total o en parte con el préstamo aquí evidenciado no será arrendada, cedida, vendida, transferida o gravada voluntariamente de otra forma, sin el previo consentimiento por escrito del Gobierno. A menos que el Gobierno consienta lo contrario por escrito, el Prestatario (a) operará personalmente dicha propiedad por sí mismo con su familia, como una finca si este préstamo es a dueño de finca (FO) o (b) ocupará y usará personalmente dicha propiedad si este es un préstamo de vivienda rural (RH) en un solar o en el caso de un préstamo de la Sección 504 de vivienda rural.

**CONVENIO DE REFINANCIAMIENTO:** Si en cualquier tiempo el Gobierno determinare que el Prestatario puede obtener un préstamo de una cooperativa responsable u otra fuente de crédito privada a un tipo de interés y términos razonables para préstamos por tiempo y condiciones similares, el Prestatario, a requerimiento del Gobierno, solicitará y aceptará el préstamo en cantidad suficiente para satisfacer este pagaré en su totalidad y pagar las acciones necesarias si el prestamista es una cooperativa. Este párrafo y el que le precede no serán aplicables al co-deudor que firme este pagaré de acuerdo a lo previsto en la Sección 502 de la Ley de Hogares de 1949, para compensar cualquier deficiencia en la habilidad de pago del (los) otro(s) compareciente(s):

**INCUMPLIMIENTO:** La falta de pago a su vencimiento de cualquier deuda aquí evidenciada o el incumplimiento de cualquier condición o acuerdo bajo este documento constituirá incumplimiento bajo cualquier otro instrumento evidenciando una deuda del Prestatario asegurada o Garantizada por el Gobierno o en cualquier otra forma relacionada con dicha deuda; e incumplimiento bajo cualquier otro instrumento constituirá incumplimiento bajo los términos de este documento. **COMETIDO CUALQUIER INCUMPLIMIENTO,** el Gobierno, a su opción, podrá declarar toda o parte de dicha deuda vencida y pagadera inmediatamente.

Este Pagaré se otorga como evidencia de un préstamo al Prestatario concedido o asegurado por el Gobierno de conformidad con la Consolidated Farm and Rural Development Act or Title V of the Housing Act of 1949 y para el tipo de préstamo según indicado en el encasillado "CLASE DE PRESTAMO" más arriba. Este Pagaré está sujeto a los reglamentos presentes de la Administración de Hogares de Agricultores y a sus futuros reglamentos no inconsistentes con las estipulaciones aquí consignadas.

Presentación, protesto y aviso son por la presente expresamente renunciados.

_____ (Sello)
JOSE A. GONZALEZ (Prestatario) RAMOS

_____ (Sello)
MARGARITA LOPEZ (Esposa) DIAZ

BARRIO PUENTE DE JOBOS

GUAYAMA, PUERTO RICO        00654

_____

## REGISTRO DE ADELANTOS

| CANTIDAD | FECHA | CANTIDAD | FECHA | CANTIDAD | FECHA |
|---|---|---|---|---|---|
| (1) $ 52,760.00 | 8\|17\|79 | (8) $ | | (15) $ | |
| (2) $ | | (9) $ | | (16) $ | |
| (3) $ | | (10) $ | | (17) $ | |
| (4) $ | | (11) $ | | (18) $ | |
| (5) $ | | (12) $ | | (19) $ | |
| (6) $ | | (13) $ | | (20) $ | |
| (7) $ | | (14) $ | | (21) $ | |
| | | | | TOTAL $ 52,760.00 | 8\|17\|79 |

## CERTIFICATION

I, Juan M. Ortiz Serbiá, of legal age, married and resident of Guayama, Puerto Rico. In my official capacity as State Executive Director of the Farm Service Agency, U.S. Department of Agriculture, hereby declare under penalty of perjury that this is a true and exact copy of the original document which I have under my custody.

San Juan, Puerto Rico _____

_____
Juan M. Ortiz Serbiá
State Executive Director

Jay-Ce–Agricultura

FmHA 440–16 (Rev. 11-10-75)

Este pagaré, luego de acreditársele la suma de D MIL TRESCIENTOS CUATRO DOLARES Y SETENTA Y TRES CENTAVOS ($2,304.73) a principal y CIENTO NOVENTA Y CINCO DOLARES CON VEINTISIETE CENTAVOS ($195.27) a intereses, arroja un balance deudor de CINCUENTA MIL CIENTO NOVENTA Y TRES DOLARES CON OCHENTA Y OCHO CENTAVOS ($50,193.88), al veintidos de enero de mil novecientos ochenta y dos.  Doy Fe.

_____
Notario Público

NOTA: "El importe de este pagaré y la hipoteca que lo-----
garantiza, reamortizado al día veintiseis (26) de junio de-
mil novecientos ochenta y seis (1986) dió un saldo deudor--
montante de SESENTA MIL SESENTA Y SEIS DOLARES CON NOVENTA-
Y CUATRO CENTAVOS ($60,066.94) con intereses a razón del---
NUEVE (9%) PORCIENTO anual, cuya deuda de ahora en adelante
devengará un nuevo interés del CINCO (5%) PORCIENTO anual--
y cuya deuda habrá de ser pagada en la siguiente forma:----
MIL QUINIENTOS VEINTISEIS DOLARES ($1,526.00) en o antes---
del primero de enero de mil novecientos ochenta y siete----
(1987) y TRES MIL SETECIENTOS CINCUENTA Y CINCO ($3,755.00)
DOLARES en o antes de cada primero (1ro.) de enero sub-----
siguiente, excepto que el pago final de la deuda aquí asu--
mida se hará en o antes del diecisiete (17) de agosto del--
año dos mil diecinueve (2019), según resulta de la escri---
tura número treinta y siete (37) de Reamortización de Prés-
tamo Hipotecario y Modificación de Hipoteca, ante la Nota--
rio Livia E. Rovira de Fuster.  En Guayama, Puerto Rico, a-
veintiseis (26) de junio de mil novecientos ochenta y seis-
(1986) "DOY FE".----------------------------------------

LIVIA E. ROVIRA DE FUSTER
Notario Público

Exhibit 3

CERTIFIED TRANSLATION

COMMONWEALTH OF PUERTO RICO
DEPARTMENT OF JUSTICE
REAL ESTATE REGISTRY
GUAYAMA SECTION

640-2006

# CERTIFICATION

Relative to lot # 8,761

Registered on page 176 of volume 276 of Guayama

Issued in Guayama, on September 14, 2006

At the request of the Department of Agriculture

(REAL ESTATE REGISTRY SEAL, GUAYAMA SECTION)



## REAL ESTATE REGISTRY
## SECTION OF GUAYAMA

## CERTIFICATION 640

**GUAYAMA: Lot Number 8,761**

**LOT DATA:**

"**RURAL**: Lot of Land with a capacity of NINETY POINT TWO HUNDRED SEVENTY NINE CUERDAS, equivalent to thirty five hectare, forty seven areas and ninety two centiare; located in Barrios Jobos and Pozo Hondo site of the Río Seco of the Municipality of Guayama, Puerto Rico. Bound by the South, with the main farm from which it is segregated property of Don Carlos A. Matos; by the East, with lands of the Manuel González Estate; by the West, with farm property of Don Carlos A. Matos Zeno and by the North, with lot of land property of the Administración de Programas Sociales of the Commonwealth of Puerto Rico; with lot of land segregated and sold to Iglesia Católica, Apóstolica y Romana, Parroquia San Antonio de Guayama, and with farm property of Mr. Ramón González. Segregated from lot number 3481, page 232, back of volume 184 of Guayama. The lot described is the remnant of the farm of this number after having segregated and sold a lot consisting of 2965.485 m² registered on behalf of the Iglesia Católica, Apóstolica y Romana, Parroquia San Antonio, on page 134, volume 321 of Guayama, lot number 10,704, dated June 15, 1984.

**OWNERSHIP:**

Spouse José A. González Ramos, of legal age, resident of Guayama, married to Margarita López Díaz, constituting a conjugal partnership and domiciled in Guayama, Puerto Rico, are the fee simple owners of this farm who acquired it for the sum of $54,761.70 according to 2nd. registration dated August 2nd, 1979, on page 171 of volume 276 of the Municipality of Guayama as stated on Deed of Sale Number 83, dated August 17th, 1979, granted in Guayama before Notary Public Ernesto Agostini Pascual.

**LIENS:**

By its origins it is affected to public easement on behalf of **Puerto Rico Electric Power Authority** and public easement on behalf of the Commonwealth of Puerto Rico detailed on the first registration.

**MORTGAGE:**

According to the 3rd. registration dated August 29th, 1979, on page 171 of volume 276 of the Municipality of Guayama as stated on Deed of Mortgage Number 90 of August 17th, 1979 granted in Guayama before Notary Public Kenneth Marty López, the totality of this farm property of José A. González Ramos is encumbered by a Mortgage on behalf of the United States of America acting through the Farmers Home Administration for the sum of $52,760.00 as principal with a term of 460 months beginning to run from the 17th, of August of 1979; answering the farm for a total of $52,760.00; valued in $52,760.00 for public auction, interest at 9% annually, principal and interest payable in 41 installments on or before the following dates:  $1,763.00  on January 1st, 1964; $1,905.00 subsequently  on the 1st day of January of each year until principal and interest are paid in full, except that the last installment of the debt herein evidenced, if not previously paid will be payable 40 years from the date of said mortgage note, furthermore guaranteeing $52,760.00 to indemnify the mortgage creditor for advances made to the insured lender because of non-performance by the mortgage debtor; $79,140.00 to indemnify the mortgage creditor for any loss he may suffer under its insurance of payment of the promissory note after default; $10,552.00 for taxes, insurance and other advances for the preservation and protection of this mortgage with interest at the stipulated rate; $5,276.00 for legal costs, charges and lawyers fees in case of foreclosure and $5,276.00 for legal costs and expenses the mortgage creditor may incur in proceedings to protect his interest against any person that intervenes or challenges the right of possession of the mortgage creditor.

**MORTGAGE:**

According to the 4th. registration dated February 14th, 1960, on page 173 of volume 276 of the Municipality of Guayama as stated on Deed of Mortgage Number 20, dated

February 11th, 1960, granted in Guayama before Notary Public Kenneth Marty López, the totality of this farm property of José A. González Ramos is encumbered by a Mortgage of behalf of the United States of America acting through the Farmers Home Administration for the sum of $8,240.00 in principal with a term of 480 months beginning to run from the 1st, of February 1980; answering the farm for a total of $8,240.00; valued in $8,240.00 for public auction, interest at 9% annually, principal and interest payable in 41 installments on or before the following dates:  $659.00  on January 1st, 1981; $766.00 subsequently on the 1st day of January of each year until principal and interest are paid in full, except that the last installment of the debt  evidenced in the promissory note, if not previously paid will be due and payable 40 years from the date of said promissory note. Furthermore guaranteeing $8,240.00 to indemnify the mortgage creditor for advances made to the insured lender because of non-performance by the mortgage debtor in paying the installments as specified in the promissory note with interest at the stipulated rate; $12,360.00 to indemnify the mortgage creditor for any loss he may suffer under its insurance of payment of the promissory note; $3,296.00 for interest after default, $1,648.00 for taxes, insurance and other advances for the preservation and protection of this mortgage with interest at the stipulated rate; and two amounts of $624.00 for lawyers fees in case of foreclosure and for legal costs and expenses the mortgage creditor may incur in proceedings to protect his interest against any person that intervenes or challenges the right of possession to the mortgaged goods of the mortgage creditor.  The mortgage contract is executed subject to the other conditions stated in the document.

**MORTGAGE:**

According to the 6th. registration dated July 2nd, 1986, on page 174 of volume 276 of the Municipality of Guayama as stated on Deed of Mortgage Number 35, dated June 26th, 1986, granted in Guayama before Notary Public Livia E. Rovira de Fuster, the totality of this farm property of José A. González Ramos is encumbered by a Mortgage on behalf of the United States of America acting through the Farmers Home Administration for the sum of $6,424.49 as principal with a term of 48 months beginning to run from the 26th, of June 1986; answering the farm for a total of $6,424.49; valued in $6,424.49 for public auction, interest at 5% annually, principal and interest payable in 5 installments of

$167.00 beginning on the 1st of January 1967 and $1,812.00 subsequently on the 1st day of January of each year until principal and interest are paid in full, due and payable in 4 years. Furthermore guaranteeing $6,424.49 to indemnify the mortgage creditor for advances made to the insured lender because of non-performance by the mortgage debtor; $9,636.74 to indemnify the mortgage creditor for any loss he may suffer under its insurance of payment of the promissory note; $2,569.60 for interest after default; $1,284.90 for taxes, insurance and other advances for the preservation and protection of this mortgage with interest at the stipulated rate; and two amounts of $642.45 for lawyers fees in case of foreclosure and for legal costs and expenses the mortgage creditor may incur in proceedings to protect his interest against any person that intervenes or challenges the right of possession to the mortgaged goods of the mortgage creditor. The mortgage contract is executed subject to the other conditions stated in the document.

**MORTGAGE:**

According to the 7th. registration dated July 2nd, 1986, on page 175 of volume 276 of the Municipality of Guayama as stated on Deed of Mortgage Number 38, dated June 26th, 1986, granted in Guayama before Notary Public Livia E. Rovira de Fuster, the totality of this farm property of José A. González Ramos is encumbered by a Mortgage on behalf of the United States of America acting through the Farmers Home Administration for the sum of $50,923.77 as principal, with a term of 72 months beginning to run from the 26th, of June 1986, answering the farm for a total of $50,923.77; valued in $50,923.77 for public auction, interest at 15% annually, principal and interest payable in 7 installments of $1,319.00, beginning on the 1st of January 1987 and $10,033.00 subsequently on the 1st day of January of each year until principal and interest are paid in full, due and payable in six years. Furthermore guaranteeing $50,923.77 to indemnify the mortgage creditor for advances made to the insured lender because of non-performance by the mortgage debtor; $76,385.66 to indemnify the mortgage creditor for any loss he may suffer under its insurance of payment of the promissory note; $20,369.51 for interest after default; $10,184.35 for taxes, insurance and other advances for the preservation and protection of this mortgage with interest at the stipulated rate; $5,092.38 for lawyers fees in case of foreclosure and $5,092.38 for legal costs and expenses the

mortgage creditor may incur in proceedings to protect his interest against any person that intervenes or challenges the right of possession to the mortgaged goods of the mortgage creditor.  The mortgage contract is executed subject to the other conditions stated in the document.

**MODIFICATION OF MORTGAGE:**

According to the seventh registration, first annotation at margin, dated July 11th, 1986, on page 175, volume 276, of the Municipality of Guayama, by virtue of Deed Number 37 of Modification of Mortgage before Notary Public Livia E. Rovira de Fuster, dated June 26, 1986, the form of payment of the installments consigned in the promissory note and mortgage that caused the third registration is modified in the following manner:  One installment of $1,526.00 on or before January 1st, 1987; $3,755.00 on or before January 1st, of each subsequent year, except that the final payment will be made on or before August 17th, 2010.  It is also stated that the interest rate will be 5% annually.

**MODIFICATION OF MORTGAGE:**

According to the seventh registration, second annotation at margin, dated July 23rd. 1986, on page 176, volume 276, of the Municipality of Guayama, by virtue of Deed Number 38, of Modification of Mortgage before Notary Public Livia E. Rovira de Fuster, dated June 26, 1986, the form of payment of the installments consigned in the promissory note and mortgage that caused the third registration is modified in the following manner:  One installment of $426.00 on or before January 1st, 1987; $883.00 on or before January 1st, of each subsequent year, except that the final payment will be made on or before February 11th, 2020.  It is also stated that the interest rate will be 8¼% annually.

That it has been presented and is pending of determination and dispatch:

As of October 25, 2000 on Entry 55 of Daily Register 523, certified copy of the resolution issued by the General Court of Justice, Superior Court, Guayama Courtroom, in civil case number CS-91-471 dated July 1st, 1991 of originator Jose Antonio Gonzalez Ramos.

And not arising from the index of the Registers attachments on behalf of the Commonwealth of Puerto Rico, tax encumbrances on behalf of the United States of America, nor judgments to affect the farm with this number, neither its owners, I issue the present in Guayama, Puerto Rico, today September 14, 2006 at 4:25 in the afternoon.

No fees.

(Signed)
Hon. Francisco J. Rodríguez Juarbe
Real Estate Registrar
Section of Guayama

(Seal Real Estate Register)

*ESTADO LIBRE ASOCIADO DE PUERTO RICO*
*DEPARTAMENTO DE JUSTICIA*
*REGISTRO DE LA PROPIEDAD*
*SECCIÓN DE GUAYAMA*

**640-2006**

# C E R T I F I C A C I Ó N

**Relativa de la finca número 8,761**

**Inscrita al folio 176 del tomo 276 de Guayama**

**Expedida en Guayama, a 14 de Septiembre de 2006**

**A instancia del Departamento de Agricultura**





**REGISTRO DE LA PROPIEDAD**
**SECCION GUAYAMA**

**CERTIFICACION  640**

FINCA DE Guayama N°:  8,761

**DATOS DE LA FINCA**

RUSTICA: Parcela de terreno con cabida de noventa punto doscientos sesenta y nueve cuerdas, equivalentes a treinta y cinco hectáreas, cuarenta y siete áreas y noventa y dos centiáreas, sito en los Barrios JOBOS Y POZO HONDO, lugar del Rio Seco del término municipal de GUAYAMA, Puerto Rico. En lindes: por el sur, con la finca principal de la cual se segrega, propiedad de Don Carlos A. Matos Zeno; por el este, con terrenos de la Sucesión de Manuel González; por el oeste, con finca propiedad de Don Carlos A. Matos Zeno; por el norte: con parcela de terreno propiedad de la Administración de Programas Sociales del Estado Libre Asociado de Puerto Rico y con parcela segregada y vendida a la Iglesia Católica Apostólica y Romana de Puerto Rico, Parroquia San Antonio de Guayama y con finca propiedad del Señor Ramón González. Se segrega de la finca 3481 folio 232 vuelto del tomo 184 de Guayama. Que la finca descrita es el remanente de la finca de este número luego de haberse segregado y vendido un solar de 2965.485 m/c inscrito a favor de la Iglesia Católica Apostólica y Romana Parroquia San Antonio, al folio 134 del tomo 321 de Guayama finca número 10704, de fecha 15 de Junio de 1984.

**TITULARIDAD**
El conyuge JOSE A. GONZALEZ RAMOS, mayor de edad, con domicilio en Guayama, casado con MARGARITA LOPEZ DIAZ, casados en régimen de gananciales con CARACTER GANANCIAL, son titulares del pleno dominio de esta finca, quienes adquieren por precio de $54,761.70, según la inscripción 2ª, de fecha 29 de Agosto de 1979, al folio 171, del Tomo 276 del término municipal de Guayama, y en virtud de la escritura de Compraventa otorgada en Guayama, ante el Notario ERNESTO AGOSTINI PASCUAL, con número de escritura 83, el 17 de Agosto de 1979.

**CARGAS**
Se halla afecta por su procedencia a servidumbre favor de la Autoridad de las Fuentes Fluviales de Puerto Rico y servidumbre a favor del Estado Libre Asociado de Puerto Rico, relacionadas en la inscripción primera.

- HIPOTECA:
  Según la inscripción 3ª, de fecha 29 de Agosto de 1979, al folio 171, del Tomo 276, del término municipal de Guayama y en virtud de la escritura de Hipoteca otorgada en Guayama, ante el Notario KENNETH MARTY LÓPEZ, con número de escritura 90, el 17 de Agosto de 1979, la totalidad de esta finca propiedad de José A. González Ramos, se encuentra gravada con una HIPOTECA, a favor de Estados Unidos De América Actuando Por Conducto De La Administración de Hogares De Agricultores, por un importe de $52,760.00 del principal, con un plazo de amortización de 480 meses, a contar desde el 17 de Agosto de 1979; respondiendo la finca de un total de $52,760.00; con un valor de subasta de $52,760.00.
  Intereses a razón del 9% anual, pagaderos principal e intereses en 41 plazos, en o antes de las siguientes fechas: $1,783.00 el 1 de Enero de 1984; $1,905.00 subsiguientemente al 1 de Enero de cada año hasta que el principal e intereses sean literalmente pagados excepto que el plazo final de la deuda aquí evidenciada de no ser pagada anteriormente vencerá y será pagadera en 40 años de la fecha de dicho pagaré; garantizándose además $52,760.00 para indemnizar al acreedor hipotecario por adelantos al prestamista asegurado por motivo del incumplimiento del deudor hipotecario; $79,140.00 para indemnizar al acreedor hipotecario además contra cualquier perdida que pueda sufrir bajo su seguro de pago del pagaré; $11,104.00 para intereses después de mora; $10,552.00 para construcciones, seguro y otros adelantos para la conservación y protección de esta hipoteca, con intereses al tipo estipulado; $5,276.00 para costas, gastos honorarios de abogado en caso de ejecución y $5,276.00 para costas y gastos que incurriere el acreedor hipotecario en procedimientos para defender sus intereses contra cualquier persona que intervenga o impugne el derecho de posesión del deudor hipotecario a los fines.

- HIPOTECA:
  Según la inscripción 4ª, de fecha 14 de Febrero de 1980, al folio 173, del Tomo 276, del término municipal de Guayama y en virtud de la escritura de Hipoteca otorgada en Guayama, ante el Notario KENNETH MARTY LÓPEZ, con número de escritura 20, el 11 de Febrero de 1980, la totalidad de esta finca propiedad de José A. González Ramos, se encuentra gravada con una HIPOTECA, a favor de Estados Unidos De

América Actuando Por Conducto De La Administración De Hogares De Agricultores, por un importe de $8,240.00 del principal, con un plazo de amortización de 480 meses, a contar desde el 11 de Febrero de 1980; respondiendo la finca de un total de $8,240.00; con un valor de subasta de $8,240.00.
Intereses al 9% anual, pagaderos principal e intereses en 41 plazos, en o antes de las siguientes fechas: $659.00 el 1 de Enero de 1981 y $766.00 subsiguientemente en enero primero de cada año hasta que el principal e intereses sean completamente pagados excepto que el plazo final de la deuda evidenciada por dicho pagaré de no ser pagada anteriormente vencerá y será pagadero en 40 años de la fecha de dicho pagaré. Se garantizan además $8,240.00 para indemnizar al acreedor hipotecario por adelantos al prestamista asegurado por motivo del incumplimiento del deudor hipotecario de pagar los plazos según se especifica en el pagaré, con intereses al tipo estipulado; $12,360.00 para indemnizar al acreedor hipotecario además contra cualquier pérdida que pueda sufrir bajo su seguro de pago del pagaré; $3,296.00 para intereses después de mora; $1,648.00 para contribuciones, seguro y otros adelantos para la conservación y protección de la hipoteca, con intereses al tipo estipulado; y dos sumas de $824.00 para costas, gastos y honorarios de abogado en caso de ejecución y para costas y gastos que incurriere el acreedor hipotecario en procedimientos para defender sus intereses contra cualquier persona que intervenga o impugne el derecho de posesión del deudor hipotecario a los bienes hipotecados. El contrato de hipoteca se celebra sujeto a las demás condiciones que constan del documento.

- HIPOTECA:
    Según la inscripción 6ª, de fecha 2 de Julio de 1986, al folio 174, del Tomo 276, del término municipal de Guayama y en virtud de la escritura de Hipoteca otorgada en Guayama, ante la Notario LIVIA E. ROVIRA DE FUSTER, con número de escritura 35, el 26 de Junio de 1986, la totalidad de esta finca propiedad de José A. González Ramos, se encuentra gravada con una HIPOTECA, a favor de Estados Unidos De América Actuando Por Conducto De La Adminstración De Hogares De Agricultores, por un importe de $6,424.49 del principal, con un plazo de amortización de 48 meses, a contar desde el 26 de Junio de 1986; respondiendo la finca de un total de $6,424.49; con un valor de subasta de $6,424.49.
Intereses al 5% anual; pagadero principal e intereses en cinco plazos de $167.00 comenzando el día primero de Enero de 1987 y $1812.00 subsiguientemente en enero primero de cada año hasta que el principal e intereses sean completamente pagado, vencedero en cuatro años. Garantizándose además $6,424.49 para indemnizar al acreedor hipotecario por adelantos al prestamista asegurado por motivo del incumplimiento del deudor hipotecario, $9,636.74 para indemnizar al acreedor hipotecario además contra cualquier pérdida que pueda sufrir bajo su seguro de pago del pagaré, $2,569.80 para intereses después de mora, $1,284.90 para contribuciones, seguro y otros adelantos para las contribuciones, seguro y otros adelantos para la conservación y protección de esta hipoteca, dos sumas de $642.45 para costas, gastos y honorarios de abogado en caso de ejecución y para costas y gastos que incurriere el acreedor hipotecario en procedimeintos para defender sus intereses contra cualquier persona que intervenga o impugne el derecho de posición del deudor hipotecario. Celebrándose el contrato con todas las condiciones que constan del documento.

- HIPOTECA:
    Según la inscripción 7ª, de fecha 2 de Julio de 1986, al folio 175, del Tomo 276, del término municipal de Guayama y en virtud de la escritura de Hipoteca otorgada en Guayama, ante la Notario LIVIA E. ROVIRA DE FUSTER, con número de escritura 36, el 26 de Junio de 1986, la totalidad de esta finca propiedad de José A. González Ramos, se encuentra gravada con una HIPOTECA, a favor de Estados Unidos De América Actuando Por Conducto de la Administración de Hogares, por un importe de $50,923.77 del principal, con un plazo de amortización de 72 meses, a contar desde el 26 de Junio de 1986; respondiendo la finca de un total de $50,923.77; con un valor de subasta de $50,923.77.
Intereses al 5% anual, pagadero principal e intereses en 7 plazos de $1,319.00 comenzando el día 1 de Enero de 1987 y $10,033.00 subsiguientemente en enero primero de cada año, vencedero en seis años. Garantizandose además una suma de $50,923.77 para indemnizar al acreedor hipotecario por adelantos al prestamista asegurado por motivo del incumplimiento del deudor hipotecario; $76,385.66 para indemnizar al acreedor hipotecario además contra cualquier pérdida que pueda sufrir bajo su seguro de pago del pagaré; $20,369.51 para intereses después de mora, $10,184.75 para contribuciones, seguro y otros adelantos para la conservación y protección de esta hipoteca, $5,092.38 para costas, gastos y honorarios de abogado en caso de ejecución, $5,092.38 para costas y gastos que incurriere el acreedor hipotecario en procedimiento para defender sus intereses contra cualquier persona que intervenga o impugne el derecho de posesión del deudor hipotecario. Celebrandose el contrato con todas condiciones que consta del documento.

- Modificación de Hipoteca:
    Según la inscripción séptima, nota marginal uno, de fecha 11 de Julio de 1986, al folio 175, del tomo 276, del término municipal de Guayama y en virtud de la escritura de modificación de hipoteca otorgada en Guayama, ante la Notario Livia E. Rovira de Fuster, con número de escritura 37, el 26 de Junio de 1986, se

modifica la forma de pago que motivó la inscripción tercera de los plazos consignados en el pagaré y en la hipoteca en la siguiente forma: un plazo de $1,526.00 en o antes del 1 de enero de 1987; $3,755.00 en o antes de cada enero primero subsiguiente excepto que el pago final del total de la deuda asumida se hará en o antes del 17 de agosto del año 2019. Manifiesta además que el tipo de interés será de 5% anual.

- Modificación de Hipoteca:

Según la inscripción séptima, nota marginal dos, de fecha 23 de Julio de 1986, al folio 176, del tomo 276, del término municipal de Guayama y en virtud de la escritura de modificación de hipoteca otorgada en Guayama, ante la Notario Livia E. Rovira de Fuster, con número de escritura 38, el 26 de Junio de 1986, se modifica la forma de pago que motivó la inscripción cuarta de los plazos consignados en el pagaré y en la hipoteca en la siguiente forma: un plazo de $426.00 en o antes del 1 de enero de 1987 y $883.00 en o antes de cada primero de enero subsiguiente excepto que el pago final del total de la deuda asumida en o antes del 11 de febrero del año 2020. Manifiesta además que el tipo de interés será del 8 y 1/4% anual.

**Que consta presentado pendiente de calificación y despacho:**

Con fecha 25 de Octubre de 2000, al **Asiento** 55 del **Diario** 523, copia certificada de la resolución dictada en el Tribunal General de Justicia, Tribunal Superior, Sala de Guayama, en el caso civil número CS-91-471 con fecha 1 de Julio de 1991, del causante José Antonio González Ramos.

Y no apareciendo de los índices de los Registros de Embargos a favor del Estado Libre Asociado de Puerto Rico, Gravámenes por Contribuciones a favor de Estados Unidos de América, ni sentencias que afecten la finca de este número, ni sus titulares, expido la presente en Guayama, Puerto Rico, siendo las 4:25 minutos de la tarde del día 14 de Septiembre de 2006.

Sin Derechos

Hon. Francisco J. Rodríguez Juarbe.
Registrador de la Propiedad
Sección de Guayama.

# TITLE SEARCH

ESTUDIOS DE TITULO
SEGUROS DE TITULO

P.O. BOX 1467, TRUJILLO ALTO, P.R. 00977-1467
TELS. (787) 748.1130 / 748-8577 • FAX (787) 748-1143
estudios@eagletitlepr.com

**CLIENT: MARGARITA LÓPEZ DÍAZ**                    **REF: 1521.207**
                                                    **BY: TAIMARY ESCALONA**

**PROPERTY NUMBER:** 8,761, recorded at page 170 of volume 276 of Guayama, Registry of the Property of Guayama, Puerto Rico.

**DESCRIPTION: (As it is recorded in the Spanish language)**

**RÚSTICA:** Parcela de terreno con cabida de noventa punto doscientos sesenta y nueve cuerdas, equivalentes a treinta y cinco hectáreas, cuarenta y siete áreas y noventa y dos centiáreas, sito en los Barrios Jobos y Pozo Hondo, lugar del Río Seco del término municipal de Guayama, Puerto Rico. En lindes: por el **SUR**, con la finca principal de la cual se segrega, propiedad de Don Carlos Matos Zeno; por el **ESTE**, con terrenos de la Sucesión de Manuel González; por el **OESTE**, con finca propiedad de Don Carlos A. Matos Zeno; por el **NORTE**, con parcela de terreno propiedad de la Administración de Programas Sociales del Estado Libre Asociado de Puerto Rico y con parcela segregada y vendida a la Iglesia Católica Apostólica y Romana de Puerto Rico, Parroquia San Antonio de Guayama y con finca propiedad del señor Ramón González.

**ORIGIN:**

It is segregated from property number 3,481, recorded at page 232, volume 184 of Guayama.

**TITLE:**

This property is registered as follows:

One half of property in favor of Margarita López Díaz, being married to José Antonio González Ríos, who acquired it by purchase from Carlos A. Matos Zeno married to Jane Lee, at a price of $44,761.70, pursuant to deed #83, executed in Guayama, Puerto Rico, on August 17, 1979, before Ernesto Agostini Pascual Notary Public, recorded at page 171 of volume 276 of Guayama, property number 8,761, 2nd inscription.

Other half of property in favor of Raquel González López, married; Lucía González López, single; Jormarialieth González López, single, acquired by inheritance of the deceased José Antonio González Ríos, to the widow fee in favor of Margarita López Díaz, with value of $36,400.00, Resolution issued July 1, 1991, in Superior Court of Puerto Rico, Court Room of Guayama, civil case #CS-91-471, recorded at page 197 of volume 336 of Guayama, property number 8,761, 8th inscription.

**LIENS AND ENCUMBRANCES:**

I.  By reason of its origin this property is encumbered by the following:

    Easement in favor of Autoridad de Fuentes Fluviales
    Easement in favor of Commonwealth of Puerto Rico

II. By reason of itself this property is encumbered by the following:

1.  **MORTGAGE:** Constituted by José A. González Ríos and his wife Margarita López Díaz, over this property and other, in favor of United States of America acting as Farmer Home Administration, in the original principal amount of $52,760.00, with 9% annual interests, due on 40 years, constituted by deed #90, executed in Guayama, Puerto Rico, on August 17, 1979, before Kenneth Marty López Notary Public, recorded at overleaf of page 171 of volume 276 of Guayama, property number 8,761, 3rd inscription.

    **NOTE:** Does not express the responsibility of this property of the mortgage, for being farms for agricultural purposes.

Este documento NO es una póliza de Seguro de Título, por lo cual no debe utilizarse como tal. La responsabilidad de la entidad que preparó este Estudio de Título, está limitada a la cantidad pagada por la preparación de dicho Estudio de Título. Para completa protección deben requerir una póliza de Seguro de Título.

Eagle Title & Other Services, Inc.

ESTUDIOS DE TITULO
SEGUROS DE TITULO

P.O. BOX 1467, TRUJILLO ALTO, P.R. 00977-1467
TELS. (787) 748.1130 / 748-8577 • FAX (787) 748-1143
estudios@eagletitlepr.com

Este documento NO es una póliza de Seguro de Título, por lo cual no debe utilizarse como tal. La responsabilidad de la entidad que preparó este Estudio de Título, está limitada a la cantidad pagada por la preparación de dicho Estudio de Título. Para completa protección deben requerir una póliza de Seguro de Título.

**PAGE #2**
**PROPERTY #8,761**

2. **MORTGAGE:** Constituted by José A. González Ríos and his wife Margarita López Díaz, in favor of United States of America acting as Farmer Home Administration, in the original principal amount of $8,240.00, with 9% annual interests, due on 40 years, constituted by deed #20, executed in Guayama, Puerto Rico, on February 11, 1980, before Kenneth Marty López Notary Public, recorded at page 173 of volume 276 of Guayama, property number 8,761, 4th inscription.

3. **MORTGAGE:** In favor of United States of America acting as Farmer Home Administration, in the original principal amount of $8,424.49, with 5% annual interests, due on 4 years, constituted by deed #35, executed in Guayama, Puerto Rico, on June 26, 1986, before Livia E. Rovira de Fuster Notary Public, recorded at page 174 of volume 276 of Guayama, property number 8,761, 6th inscription.

4. **MORTGAGE:** In favor of United States of America acting as Farmer Home Administration, in the original principal amount of $50,923.77, with 5% annual interests, due on 6 years, constituted by deed #36, executed in Guayama, Puerto Rico, on June 26, 1986, before Livia E. Rovira de Fuster Notary Public, recorded at page 174 of volume 276 of Guayama, property number 8,761, 7th inscription.

5. **MODIFICATION:** The form of payment that motivated the 3rd inscription of the terms indicated on the promissory note and on the mortgage is modified as follows: a term of $1,526.00 on or before January 1, 1987; $3,755.00 on or before each subsequent first January except that the final payment of the total debt assumed will be made on or before August 17, 2019, further states that the interest rate will be 5% per annual, constituted by deed #37, executed in Guayama, Puerto Rico, on June 26, 1986, before Livia E. Rovira de Fuster Notary Public, recorded at page 175 of volume 276 of Guayama, marginal note, dated July 11, 1986.

6. **MODIFICATION:** The form of payment is modified, which motivated the 4th inscription of the terms consigned in the promissory note and in the mortgage in the following way: a term of $426.00 on or before January 1, 1987 and $883.00 on or before each first of January subsequent except that the final payment of the total debt assumed on or before January 11, February 2020, it also states that the interest rate will be 8¼% annual, constituted by deed #38, executed in Guayama, Puerto Rico, on June 26, 1986, before Livia E. Rovira de Fuster Notary Public, recorded at page 175 of volume 276 of Guayama, marginal note, dated July 23, 1986.

7. At entry 55 of daily book 523, presented on October 25th, 2000, Resolution certified, executed in the Superior Court of Puerto Rico of Guayama, civil case #CS-91-471, dated July 1, 1991, of deceased José Antonio González Ramos. The document qualification and dispatch are pending.

**OBSERVATION:**

1. **FEDERAL TAX LIEN:** Recorded at entry 2016-004273-FED, Karibe system, notification number 207814116, against O. Rodríguez Toledo & M. López, Social Security number 5269, in the amount of $8,635.13. **There is no warranty about the identity of the owner and the foreclosure subject being the same person.**

2. **FEDERAL TAX LIEN:** Recorded at entry 2019-007828-FED, Karibe system, notification number 372482519, against R. González, Social Security number 2936, in the amount of $16,794.42. **There is no warranty about the identity of the owner and the foreclosure subject being the same person.**



ESTUDIOS DE TITULO
SEGUROS DE TITULO
P.O. BOX 1467, TRUJILLO ALTO, P.R. 00977-1467
TELS. (787) 748.1130 / 748-8577 • FAX (787) 748-1143
estudios@eagletitlepr.com

Este documento NO es una póliza de Seguro de Título, por lo cual no debe utilizarse como tal. La responsabilidad de la entidad que preparó este Estudio de Título, está limitada a la cantidad pagada por la preparación de dicho Estudio de Título. Para completa protección deben requerir una póliza de Seguro de Título.

Eagle Title & Other Services, Inc.

**PAGE #3**
**PROPERTY #8,761**

**REVIEWED:**

Federal Attachments, Commonwealth of Puerto Rico Tax Liens, Judgments and Daily Log up to November 1th, 2019.

*NOTICE: The Sections of the Property Registry have been computerized by the new system identified as Karibe, through which the historical volumes containing the data related to the inscribed properties and with the documents presented and pending registration were digitized. Since April 25, 2016, the Department of Justice discontinued the Tool-Kit and Agora System in most of the Sections of the Registry, which was used to search for documents submitted and pending registration and preparation of title search and other documents. There is also a delay in the entry of information to the System to this date. In addition to this, the Federal and State Seizures are now entered and electronically provided by the Central Office of the Land Registry in the Department of Justice, without being able to corroborate the control books and with many errors which makes the location impossible. We are not responsible for errors that may result in this title search due to errors and/or omissions of the Registry and/or its employees, when entering the data in the system.*

***EAGLE TITLE AND OTHER SERVICES, INC.***

*Authorized signature*

mcr/mv/**F**

I, Elías Díaz Bermúdez, of legal age, single and neighbor of San Juan, Puerto Rico, under solemn oath declare:

1. That my name and personal circumstances are the above mentioned.

2. That on November 1th, 2019, I examined the books and files of The Property Registry of Puerto Rico and prepared the attached title study which makes part of this affidavit.

3. That the attached title study correctly represents in all its parts the status of the above described property in The Property Registry of Puerto Rico.

I, the undersigned, hereby swear that the facts herein stated are true.

In Guaynabo, Puerto Rico, this 12 day of march of 2019.

Elías Díaz Bermúdez

AFFIDAVIT NUMBER 4250.

Sworn and subscribed to before me by Elías Díaz Bermúdez of the aforementioned personal circumstances, whom I personally know.

In Guaynabo, Puerto Rico, this 12 day of march of 2019.

RECIBO
4U19-02164259

Sello
9397
03/02/2020
$5.00
Sello de Asistencia Legal
80093-2020-0302-01226105

NOTARY PUBLIC

Exhibit 6

**CERTIFIED TRANSLATION**

NUMBER THIRTY-SEVEN

REAMORTIZATION OF LOAN MORTGAGE

AND MORTGAGE MODIFICATION

---In Guayama, Puerto Rico, on the twenty-sixth (26) day of the month of June of

nineteen eighty-six (1986).

BEFORE ME

LIVIA E. ROVIRA DE FUSTER

Attorney and notary public of Puerto Rico, with place of residence in Guayama and

active office at Doctor Ashford Street, Number Three North of said city. In order to

formalize deed of RE-AMORTIZATION OF LOAN MORTGAGE AND MORTGAGE

MODIFICATION,

APPEARING

----AS THE FIRST PARTY: As mortgage debtors: JOSE A. GONZALEZ RAMOS and his

wife MARGARITA LOPEZ DIAZ, of legal age, married to each other, owners, and

residents of Guayama, Puerto Rico.

---AS THE SECOND PARTY: As Mortgage Creditor: THE UNITED STATES OF

AMERICA, acting through and represented by, the administrator of the Farmers Home

Administration, in accordance with the provisions of the Act of Congress entitled

Consolidated Farmers Home Administration Act of 1961, with headquarters in

Washington, District of Columbia, and represented in this act by Felipe Olazagasti

Rodríguez, of legal age, married, employed and resident of Guayama, Puerto Rico, in

his official capacity as act county supervisor of the Farmers Home Administration, office

of Guayama, and whose personality is duly accredited at the Rea Estate Property

Registry.

I ATTEST

as to my personal knowledge of the parties appearing  and through their testimonies as

to their ages, civil status, occupations and places of residences. They assure me they

are in full domain of their civil rights, have free administration of their properties and,

without my knowledge to the contrary, having the necessary legal capacity to execute

this document, and as such, freely and voluntarily,

SET FORTH

----FIRST: That the mortgage debtors, JOSE A. GONZALEZ RAMOS and his wife

MARGARITA LOPEZ DIAZ, are presently the owners of the following property:

> --- "RUSTIC": Lot of land comprised of NINETY POINT TWO
> HUNDRED SIXTY-NINE *CUERDAS* (90.269 cdas.)
> equivalent to thirty-five hectares, forty-seven (47) ares and
> ninety-two (92) centares, located in Jobos and Pozo Hondo
> wards, place of Río Seco, within the municipal limits of
> Guayama, Puerto Rico. It borders to the NORTH with a lot of
> land property of the Social Programs Administration of the
> Commonwealth of Puerto Rico and with a segregated lot of
> land sold to the Roman, Apostolic and Catholic Church of
> Puerto Rico, parish of San Antonio, in Guayama, and with a
> farm property of Ramón González; to the SOUTH with the
> main farm from which it is segregated, property of Carlos A.
> Matos Zeno; to the EAST with land property of Manuel
> González's succession and to the WEST with a farm
> property of Carlos A.  Matos Zeno.

> REGISTRATION:  Registered on the back of page one
> hundred seventy-one (171.), of volume two hundred
> seventy-six (276) of the municipality of Guayama, lot number
> eight thousand, seven hundred sixty-one (8761), second
> (2nd) registration.

> ---TITLE: The borrower acquired the farm described through
> purchase from Carlos A. Matos Zeno and his then wife Jane

Lee, as evidenced in deed number eighty-three (83) dated
the seventeenth (17th) of August of nineteen seventy-nine
(1979) granted in the city of Guayama, Puerto Rico, before
notary public Ernesto Agostini Pascual.

---ENCUMBERED: among other things, to a mortgage on behalf of the United States of

America in the amount of FIFTY-TWO THOUSAND, SEVEN HUNDRED SIXTY

DOLLARS ($52,760.00) with an annual interest rate of nine percent (9%), principal plus

interests payable in the timetable stipulated in said promissory note, according to deed

number ninety (90) of Voluntary Mortgage dated the seventeenth (17th) of August of

nineteen seventy-nine (1979) before Notary Public Kenneth Marty López and registered

on the back of page one hundred seventy-one (171) of volume two hundred seventy-six

(276) of Guayama, Puerto Rico, lot number eight thousand seven hundred sixty-one

(8761), third (3rd ) registration.

---SECOND: The mortgage debtors, José A. González Ramos and Margarita López

Díaz, continue stating that in order to re-amortize the mortgage debt, they applied and

obtained the authorization from the mortgage creditor, the United States of America,

acting by conduit of and through Farmers Home Administration, in accordance with the

Act of Congress entitled Consolidated Farmers Home Administration Act of 1961 and

its set of rules approved to that effect, to re-amortize the mortgage debt.

---THIRD: The appearing party, José A. González Ramos and Margarita López Díaz,

state that they have own and personal knowledge of all and each of the obligations,

clauses and stipulations contained or mentioned in the mortgage deed, and through this

act, in a clear, solemn, and definite manner, they oblige themselves to comply with all

and each of said obligations, clauses and stipulations as required by the Farmers Home Administration (Fm. H.A.).

RE-AMORTIZATION AND MODIFICATION OF PAYMENTS

OF PROMISSORY NOTE AND MORTGAGE

FOURTH: The appearing party, Felipe Olazagasti Rodríguez, in his official capacity, states, that after approval of mortgage debtors, José A. Gonzalez and Margarita López Díaz, as beneficiaries of the Act of Congress entitled Consolidated Farmers Home Administration of 1961, as amended, he has agreed to re-amortize and modify the form of payment of the timetable stipulated in the promissory note and the mortgage in the following manner: the total debt balance of principal plus interests as of June twenty-six (26) of nineteen eighty-six (1986) amounts to SIXTY THOUSAND, SIXTY-SIX DOLLARS WITH NINETY-FOUR CENTS ($60,066.94) with an annual interest rate of NINE (9%) percent. From now on, this debt will be payable in the following manner: ONE THOUSAND FIVE HUNDRED TWENTY-SIX DOLLARS ($1,526.00) in or before the first (1st) day of January of nineteen eighty-seven (1987) and THREE THOUSAND SEVEN HUNDRED FIFTY-FIVE DOLLARS ($3,755.00) in or before each subsequent first (1st) day of January, except that the final payment of the total debt herein contracted will be made in or before the seventeenth (17th) of August of the year two thousand and nineteen (2019). The new interest rate agreed upon for the re-amortization is FIVE (5%) PERCENT.

---FIFTH: The appearing party, Felipe Olazagasti Rodríguez, in his legal capacity, hands to me, the Notary Public, the promissory note guaranteed by the mortgage, and assures me that it has not been taxed or negotiated by its present proprietor and

holder, the United States of America, and once identified by me, the Notary Public, thus making sure that it is the same promissory note, I proceed to place on its back the following note: "The amount of this promissory note and the mortgage that guarantees it, re-amortized on the twenty-sixth (26th) day of June of nineteen eighty-six (1986) yielded a debt balance of SIXTY THOUSAND SIXTY-SIX DOLLARS WITH NINETY-FOUR CENTS ($60.066.94) with an annual interest rate of NINE (9%) PERCENT (9%), which debt will be subjected from now to a new annual interest rate of FIVE (5%) PERCENT and which will be paid in the following manner: ONE THOUSAND FIVE HUNDRED TWENTY-SIX DOLLARS ($1,526.00) in or before the first day of January of nineteen eighty-seven (1987) and THREE THOUSAND SEVEN HUNDRED FIFTY-FIVE DOLLARS ($3,755.00) in or before each subsequent first (1st) day of January, except that the final payment of the total debt herein contracted will be made in or before the seventeenth (17th) of August of the year two thousand and nineteen (2019), in accordance with deed number thirty-seven (37) of Re-amortization of Mortgage Loan and Mortgage Modification, before Notary Public Livia E. Rovira de Fuster, in Guayama, Puerto Rico, on the twenty-sixth (26th) of June of nineteen eighty-six (1986). I certify. (Signed, flourished, rubricated and sealed.)

LIVIA E. ROVIRA DE FUSTER

NOTARY PUBLIC

Once the note is placed and signed I return it to the party appearing, Felipe Olazagasti Rodríguez, in his legal capacity.

ACCEPTANCE

---The appearing parties accept the present deed in its entirety since it is written in accordance with their instructions.

---I, the Notary Public, made all the pertinent legal warnings to the appearing parties.

---The appearing parties state and grant it so before me, after waiving their right to request the presence of instrumental witnesses.

---Having read the deed individually, the appearing parties ratify it, affix their initials on each and every one of the folios of this document and sign it before me, the Notary Public, who certify everything stipulated before in the present public document.

[Signatures appear herein]

[OFFICIAL NOTARY PUBLIC SEAL]

[OFFICIAL REAL ESTATE PROPERTY SEAL, GUAYAMA SECTION]

RUBBER STAMP:

(Signed, flourished, sealed and rubricated)

LIVIA E. ROVIRA DE FUSTER

The initials of the grantor (s) appears on each folio in original, in which the stamps of the Internal Revenue and the Notary Tax of the Puerto Rico Bar Association are adhered and cancelled along with the ones from this Notary Public.

The preceding first copy is a true and exact one of the original which is filed, under the pre-inserted number, in the protocol of instruments of the Notary office at my charge and for the year nineteen eighty-six (1986) to which I submit. To certify this and at the request of José A. González, I issue the present copy, making an annotation of its issuance on the margin of the main document. I SO ATTEST.

(sgd.) Illegible

[CANCELLED NOTARY TAX STAMP]

[Handwritten annotation]

As stated in the margin, back of page 175 of volume 276 of Guayama, lot 8761.

Guayama, July 11, 1986.

No fees                                    (sgd.) GLORIANA RUY

                                           Registrar

[OFFICIAL REAL ESTATE REGISTRY SEAL, GUAYAMA SECTION]

Reviewed

8/15/86

(sgd.) Illegible

Exhibit 7

41-07

$2,760

--------------NUMERO TREINTA Y SIETE------------

----REAMORTIZACION DE PRESTAMO HIPOTECARIO Y-------

------------MODIFICACION DE HIPOTECA---------------

---En Guayama, Puerto Rico a los veintiseis (26)---

días del mes de junio de mil novecientos ochenta y-

seis (1986).--------------------------------------

---------------------ANTE MI----------------------

-----------LIVIA E. ROVIRA DE FUSTER-------------

Abogada y Notario de Puerto Rico, con residencia y-

vecindad en Guayama, y estudio abierto en la calle-

del Doctor Ashford, número Tres Norte de dicha,----

ciudad, al efecto de formalizar escritura de-------

REAMORTIZACION DE PRESTAMO HIPOTECARIO Y MODIFI----

CACION DE HIPOTECA,------------------------------

-------------------COMPARECEN--------------------

---DE UNA PARTE: Como deudores hipotecarios: Don-

JOSE A. GONZALEZ RAMOS y su esposa Doña MARGARITA--

LOPEZ DIAZ, mayores de edad, casados entre sí,-----

propietarios y vecinos de Guayama, Puerto Rico.----

---DE LA OTRA PARTE: Como acreedor hipotecario:---

Estados Unidos de América, actuando por conducto y-

a través del Administrador de la Administración de-

Hogares de Agricultores, a tenor con las disposi---

ciones de la ley del Congreso denominada "Conso----

lidated Farmer's Home Administration Act of 1961",-

con oficinas principales en Washington, Distrito de

Columbia, Estados Unidos de América, representada--

en este acto por Don Felipe Olazagasti Rodríguez,--

mayor de edad, casado, empleado y vecino de Guayama

Puerto Rico en su carácter de Supervisor Local-----

interino de la Administración de Hogares de Agri---

cultores, Oficina de Guayama, cuyo carácter consta-

debidamente acreditado en el Registro de la Propie-

dad.----------------------------------------------

2

----------------------DOY FE----------------------

Del conocimiento personal de los comparecientes, así

como por sus dichos de su edad, estado civil, pro---

fesión y vecindad.  Aseguran hallarse en el pleno---

goce de sus derechos civiles, con la libre adminis--

tración de sus bienes, sin que me conste nada en----

contrario, y teniendo a mí juicio la capacidad le---

gal necesaria para este acto, en tal virtud, libre--

y voluntariamente----------------------------------

----------------------EXPONEN----------------------

---PRIMERO:  Que los deudores hipotecarios Don JOSE

A. GONZALEZ RAMOS y su esposa Doña MARGARITA LOPEZ-

DIAZ, son actualmente dueños del siguiente inmueble

---"RUSTICA":  Parcela de terreno con cabida de----
NOVENTA PUNTO DOSCIENTOS SESENTA Y NUEVE CUERDAS---
(90.269 cdas.) equivalentes a treinta y cinco hec--
táreas, cuarenta y siete (47) áreas y noventa y dos
(92) centiáreas, sita en los barrios Jobos y Pozo--
Hondo, lugar del Río Seco, del término Municipal de
Guayama, Puerto Rico, colindando por el NORTE con--
parcela de terreno propiedad de la Administración--
de Programas Sociales del Estado Libre Asociado de-
Puerto Rico, y con parcela segregada y vendida a---
la Iglesia Católica, Apostólica y Romana de Puerto-
Rico, Parroquia San Antonio de Guayama, y con finca
propiedad del señor Ramón González;  por el SUR, co
la finca principal de la cual se segrega, propiedad
de don Carlos A. Matos Zeno;  por el ESTE con terre
nos de la Sucesión de Manuel González y por el-----
OESTE, con finca propiedad de don Carlos A. Matos--
Zeno.----------------------------------------------

---INSCRIPCION:  Inscrita al folio ciento setenta y
uno (171v.) vuelto del tomo doscientos setenta y---
seis (276) del Municipio de Guayama, finca número--
ocho mil setecientos sesenta y uno (8761), inscrip-
ción segunda (2da.).-------------------------------

---TITULO:  Adquirió el prestatario la descrita fir
ca por compra a Don Carlos A. Matos Zeno y su en---
tonces esposa Doña Jane Lee, según consta de la es-
critura número Ochenta y Tres (83) de fecha dieci--
siete (17) de agosto de mil novecientos setenta y--
nueve (1979) otorgada en la ciudad de Guayama, Pue
to Rico, ante el notario Ernesto Agostini Pascual.-

---AFECTA:  entre otras a una hipoteca a favor de--
Estados Unidos de América por la suma de CINCUENTA-
DOS MIL SETECIENTOS SESENTA DOLARES ($52,760.00)---
con intereses a razón del NUEVE (9%) PORCIENTO anua
pagadero principal e intereses en los plazos que en

3

el mismo pagaré se estipulan, según resulta de la---
escritura número noventa (90) de Hipoteca Voluntaria
de fecha diecisiete (17)  de agosto de mil novecien-
tos setenta y nueve (1979), ante el Notario Público-
Kenneth Marty López e inscrita al folio ciento se---
tenta y uno (171v.) vuelto del tomo doscientos se---
tenta y seis (276) de Guayama, Puerto Rico, finca---
número ocho mil setecientos sesenta y uno (8761),---
inscripción tercera (3ra.).-------------------------
---SEGUNDO:  Siguen manifestando los deudores hipo--
tecarios Don José A. González Ramos y Doña Marga----
rita López Díaz, que con el fin de reamortizar la---
deuda hipotecaria, solicitaron y obtuvieron el con--
sentimiento del acreedor hipotecario Estados Unidos
de América actuando por conducto y a través de la---
Administración de Hogares de Agricultores de con----
formidad con la ley del Congreso Titulada "Conso----
lidated Farmer's Home Administration Act of 1961" y
del reglamento aprobado al efecto, de reamortizar l
deuda hipotecaria.---------------------------------
---TERCERO:  Manifiestan los comparecientes Don Jo-
sé A. González Ramos y Doña Margarita López Díaz---
que son de su propio y personal conocimiento todos-
y cada una de las obligaciones, cláusulas y esti---
pulaciones contenidas o mencionadas en la escritura
de hipoteca, y en este acto en forma clara, solemne
y terminantemente, se obligan a cumplir todas y cad
una de dichas obligaciones, cláusulas y estipula---
ciones requeridas por la Administración de Hogares-
de Agricultores (Fm.H.A.).-------------------------
-------REAMORTIZACION Y MODIFICACION DE PAGO DE----
----------------PAGARE E HIPOTECA-----------------
--CUARTO :  Manifiesta el compareciente Don Felipe
  gasti Rodríguez en el carácter que ostenta, qu

4

habiéndo sido aceptada los deudores hipotecarios----
Don José A. González Ramos y Doña Margarita López---
Díaz para recibir los beneficios de la ley del------
Congreso "Consolidated Farmer's Home Administration-
Act of 1961" según enmendada, ha convenido en rea---
mortizar y modificar la forma de pago de los plazos-
consignados en el pagaré y en la hipoteca en la-----
siguiente forma:  el importe total de principal e---
intereses adeudado a veintiseis (26) de junio de mil
novecientos ochenta y seis (1986) asciende a la suma
de SESENTA MIL SESENTA Y SEIS DOLARES CON NOVENTA---
Y CUATRO CENTAVOS ($60,066.94) con intereses a ra---
zón del NUEVE (9%) PORCIENTO anual.  De ahora en----
adelante esta deuda será pagada en la siguiente for-
ma:  MIL QUINIENTOS VEINTISEIS DOLARES ($1,526.00)--
en o antes del primero (1ro.) de enero de mil nove--
cientos ochenta y siete (1987) y TRES MIL SETECIEN--
TOS CINCUENTA Y CINCO ($3,755.00) DOLARES en o antes
de cada enero primero (1ro.) subsiguiente excepto---
que el pago final del total de la deuda aquí asu----
mida se hará en o antes del diecisiete (17) de------
agosto del año dos mil diecinueve (2019).  El nuevo·
interés acordado para la reamortización es de-------
CINCO (5%) PORCIENTO.-------------------------------
---QUINTO:  El compareciente don Felipe Olazagasti-
Rodríguez, en el carácter que ostenta, me entrega---
a mí, la Notario, el pagaré garantizado con la hipo-
teca, y me asegura no ha sido negociado ni gravado-
en forma alguna por su actual poseedor y tenedor----
Estados Unidos de América, y una vez identificado--
por mí, la Notario, cerciorándome de que se trata--
del mismo pagaré, procedo a poner al dorso del mis-
siguiente nota: "El importe de este pagaré--
poteca que lo garantiza, reamortizado al----

día veintiseis (26) de junio de mil novecientos-----
ochenta y seis (1986) dió un saldo deudor montante--
de SESENTA MIL SESENTA Y SEIS DOLARES CON NOVENTA---
Y CUATRO CENTAVOS ($60,066.94) con intereses a razón
del NUEVE (9%) PORCIENTO anual, cuya deuda de ahora--
en adelante devengará un nuevo interés del CINCO----
(5%) PORCIENTO anual y cuya deuda habrá de ser pa---
gada en la siguiente forma:  MIL QUINIENTOS VEINTI--
SEIS DOLARES ($1,526.00) en o antes del primero de--
enero de mil novecientos ochenta y siete (1987) y---
TRES MIL SETECIENTOS CINCUENTA Y CINCO ($3,755.00)--
DOLARES en o antes de cada primero (1ro.) de enero--
subsiguiente, excepto que el pago final de la deuda-
aquí asumida se hará en o antes del diecisiete (17)-
de agosto del año dos mil diecinueve (2019), según--
resulta de la escritura número treinta y siete (37).
--------------------------------------------------.
--------------------------------------------------.
de Reamortización de Préstamo Hipotecario y Modi----
ficación de Hipoteca, ante la Notario Livia E. Ro---
vira de Fuster.  En Guayama, Puerto Rico, a veinti--
seis (26) de junio de mil novecientos ochenta y sei
(1986) "DOY FE".  (Firmado, signado, rubricado y---
sellado).-------------------------------------------
-----------LIVIA E. ROVIRA DE FUSTER--------------
-----------------NOTARIO PUBLICO--------------------
Una vez puesta y firmada la nota lo devuelvo al com
pareciente, señor Felipe Olazagasti Rodríguez en el
carácter que ostenta.-------------------------------
----------------------------------------------------

---------------------ACEPTACION---------------------

---Los comparecientes expresamente aceptan esta-----
escritura en todas sus partes por estar redactada---
de acuerdo con sus instrucciones.-------------------

---Yo, la Notario, hice a los comparecientes las----
advertencias legales pertinentes.------------------

---Así lo dicen y otorgan los comparecientes por----
ante mí, luego de haber renunciado al derecho que---
les hice saber tenían para requerir la presencia de
testigos instrumentales.---------------------------

---Leída esta escritura por los otorgantes personal-
mente, en la misma se ratifican, fijan sus iniciales
en todos y cada uno de los folios de este documento-
y firman ante mí, la Notario, que DOY FE de todo lo-
consignado anteriormente en el presente documento---
público.-------------------------------------------





(Certificación al dorso...)

Deed #37
dated 6/24/86

(Firmado, signado, sellado y rubricado)
LIVIA E, ROVIRA DE FUSTER
Las iniciales de (el) (los) otorgante (s)
aparecen en cada folio del original, en
el cual hay adheridos y cancelados con
el de esta Notaría los correspondientes
sellos de Rentas Internas y del Impuesto
Notarial del Colegio de Abogados de
Puerto Rico.

La precedente ___primera___ copia
es una fiel y exacta del contenido de
su original que bajo el número preinserto
obra en el protocolo de instrumentos
públicos de esta Notaría a mi cargo
correspondiente al año de mil novecientos
___ochenta y seis (1986)___ a
que me remito. En fe de ello y solicitud
de ___José A. González___ libro
la presente, dejando anotada su saca
al margen de su matriz, DOY FE.

CERTIFICATION

I, Juan M. Ortiz Serbiá, of legal age, married
and resident of Guayama, Puerto Rico. In my
official capacity as State Executive Director of
the Farm Service Agency, U.S. Department of
Agriculture, hereby declare under penalty of
perjury that this is a true and exact copy of
the original document which I have under my
custody.

San Juan, Puerto Rico ———————————

Juan M. Ortiz Serbiá
State Executive Director

Tomada razón al margen, folio 175vto
del tomo 286 de Guayama fca # 8961.
Guayama a 11 de Julio de 1986.

Gloriana Rey
Reg

Sn Dro

IMPUESTO NOTARIAL
1 UN DOLAR 1

Registro de la Propiedad
SECCION DE
GUAYAMA
Puerto Rico

Revisado
8-15-86
Juan Mercado Arnaldo

CERTIFIED TRANSLATION

Form FmHA 1940-17(S)
(Rev. 11-1-78)

### UNITED STATES DEPARTMENT OF AGRICULTURE
### FARMERS HOME ADMINISTRATION

### PROMISSORY NOTE

| | |
|---|---|
| **Name:**<br> JOSÉ A. GONZÁLEZ RAMOS | **KIND OF LOAN**<br>Type:  S & W |
| **State:**<br> PUERTO RICO<br>**Case no.:**<br> 63-06-71265816 | **Office:**<br> GUAYAMA<br>**Date:**<br> FEBRUARY 11, 1980 | Pursuant to:<br><br>☒ Consolidated Farm & Rural Development Act<br>☐ Emergency Agricultural Credit Adjustment Act of 1978 |

| ACTION REQUIRING NOTE | |
|---|---|
| ☒ Initial loan<br>☐ Subsequent loan<br>☐ Consolidated & subsequent loan<br>☐ Consolidation | ☐ Rescheduling<br>☐ Reamortization<br>☐ Credit sale<br>☐ Deferred payments |

FOR VALUE RECEIVED, the undersigned Borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture (herein called the "Government"), or its assignees, at its office in, <u>134 LOS VETERANOS AVENUE, GUAYAMA, PUERTO RICO 00654</u> or at such other place as the Government may later designate in writing, the principal sum of <u>EIGHT THOUSAND TWO HUNDRED FORTY</u> DOLLARS (<u>$8,240.00</u>), plus interest on the unpaid principal balance at the RATE of <u>NINE</u> PERCENT (<u>9%</u>) per annum. If this note is for a Limited Resource loan (indicated in the "Kind of Loan" box above) the Government may

CHANGE THE RATE OF INTEREST, in accordance with regulations of the Farmers Home Administration, not, more often than quarterly, by giving the Borrower thirty (30) days prior written notice by mail to the Borrower last known address. The new interest rate shall not exceed the highest rate established in regulations of the Farmers Home Administration for the type of loan indicated above.

Principal and interest shall be paid in <u>41</u> installments as indicated below, except as modified by a different rate of interest, on or before the followings dates

| | | | | | |
|---|---|---|---|---|---|
| $ <u>659.00</u> | on | <u>January 1, 1981</u> | $ N/A | <u>on</u> | January 1, 19 |
| $ <u>N/A</u> | | January 1, 19 | $ N/A | | January 1, 19 |
| $ <u>N/A</u> | | January 1, 19 | $ N/A | | January 1, 19 |
| $ <u>N/A</u> | | January 1, 19 | $ N/A | | January 1, 19 |
| $ <u>N/A</u> | | January 1, 19 | $ N/A | | January 1, 19 |

And $<u>766.00</u> thereafter on January 1 of each year until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid shall, be due and payable <u>40</u> years from the date of this note, and except the prepayments may be made as provided below. The consideration for the note shall also support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan shall be advanced to the Borrower as requested by Borrower and approved by the Government.  Approval by the Government will be given provided the advance is requested for a purpose authorized by the Government.  Interest shall accrue on the amount of each advance from its actual date as shown in the Record of Advances at the

2

end of this note.   Borrower authorizes the Government to enter the amount(s) and date(s) of such advance(s) in the Record of Advances.

For each rescheduled, reamortized or consolidated note, interest accrued to the date of this instrument which is more than 90 days overdue shall be added to the principal and such new principal and such new principal shall accrue interest at the rate evidenced by this instrument.

Every payment made on any indebtedness evidenced by this note shall be applied first to a portion of any interest which accrues during the deferral period, second to accrued interest to the date of the payment on the note account and then to the principal.

Prepayments of schedule installments, or any portion of these installments, may be made at any time at the option of the Borrower.   Refunds and extra payments, as defined in the regulations (7 C.F.R. 1861.2) of the Farmers Home Administration according to the source of funds involved, shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled herein.   If the Government at any time assigns this note and insures the payment of it, Borrower shall continue to make payments to the Government as collection agent for the holder.

While this note is held by an insured holder, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on an installment due date basis.   The effective date of every payment made by Borrower, except payments retained and remitted by the Government on an

installment due date basis, shall be the date of the United State Treasury check by which the Government remits the payment to the holder. The effective date of any prepayment retained and remitted by the Government to the holder on an installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitle accruing between such date and the date of the Treasury check to the holder.

Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by Borrower to the Government without demand.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower will operate such property as a farm if this is a Farm Ownership loan (FO).

If "Consolidation and subsequent loan," "Debt write down," "Consolidation," "Rescheduling," or "Re-amortization" is indicated in the "Action Requiring Note" block above, this note is given to consolidate, reschedule or re-amortize, but not in satisfaction of the unpaid principal and interest on the following described note(s) or assumption agreement(s) (new terms):

| Code & Loan No. | Note Value | Interest Rate | Date | Original Borrower | Last install due |
|---|---|---|---|---|---|
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

Security instruments taken in connection with the loans evidenced by these described notes and this consolidating, rescheduling or reamortizing does not affect other related obligations. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

REFINANCING AGREEMENT. If at any time it shall appear to the Government that Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock.

DEFAULT: Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute default under this and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the

Government or securing or otherwise relating to such a debt, and default under any such other instrument shall constitute default hereunder. UPON ANY SUCH DEFAULT, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This note is presented as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act, or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the "Kind of Loan" block above. This note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions of this note.

Presentation, protest, and notice are hereby waived.

(SEAL)

(Sgd.) JOSÉ A. GONZÁLEZ RAMOS
(BORROWER)

(Sgd.) MARGARITA LÓPEZ DÍAZ
(Co- BORROWER)

PUENTE JOBOS WARD

GUAYAMA, PUERTO RICO 00654

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|---|---|---|---|---|---|
| RECORD OF ADVANCES | | | | | |
| $ 8,240.00 | 7/11/80 | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ 8,240.00 | 7/11/80 |
| $ | | $ | | | |
| TOTAL $ | | | | | |

6

NOTE: The amount of this promissory note and the mortgage guaranteeing it, re-amortized as of June 26, 1986 came up with an outstanding balance of $9,971.61 with interests at a rate of 9% per year, which debt from now on shall earn a new interests of 8.25% and which shall be paid in the following manner: $426.00 on or before January 1, 1987 and $883.00 on or before each subsequent January 1, except that the final payment of the debt herein assumed shall be on or before February 11, 2020, as it comes from deed # 38 of Re-amortization of Mortgage Loan and Modification of Mortgage, before Notary Public Livia E. Rovira de Fuster. In Guayama, Puerto Rico, on June 26, 1986. I SO ATTEST.

(sgd.) LIVIA E. ROVIRA DE FUSTER
Notary Public

[OFFICIAL NOTARY PUBLIC SEAL]



7

Forma FmHA 1940-17 (S)
(Rev. 11-1-78)

| | CLASE DE PRESTAMO |
|---|---|
| | Tipo: _____ **S & W** |

DEPARTAMENTO DE AGRICULTURA DE ESTADOS UNIDOS
ADMINISTRACION DE HOGARES DE AGRICULTORES

**PAGARE**

De acuerdo a:

☒ Consolidated Farm & Rural Development Act
☐ Emergency Agricultural Credit Adjustment Act of 1978

| Nombre | JOSE A. GONZALEZ RAMOS | ACCION QUE REQUIERE PAGARE: |
|---|---|---|

| Estado | PUERTO RICO | Oficina | GUAYAMA |
|---|---|---|---|

☒ Préstamo Inicial          ☐ Nuevo Plan de Pago
☐ Préstamo Subsiguiente     ☐ Reamortización
☐ Consolidación y préstamo   ☐ Venta a Crédito
subsiguiente                 ☐ Pagos Diferidos
☐ Consolidación

| Caso Núm. | 63-06-71265816 | Fecha | 11 DE FEBRERO DE 1980 |
|---|---|---|---|

POR VALOR RECIBIDO, el Prestatario(s) subscribiente y cualquier otro co-deudor mancomunada y solidariamente pagaremos a la orden de Estados Unidos de América, actuando por conducto de la Administración de Hogares de Agricultores del Departamento de Agricultura de los Estados Unidos (denominado en adelante el "Gobierno") o su cesionario en su oficina en AVENIDA LOS VETERANOS #134.2, GUAYAMA, PUERTO RICO 00654------- o en otro sitio designado por el Gobierno por escrito, la suma principal de OCHO MIL DOSCIENTOS CUARENTA-- ------------------------------------dólares ($ 8,240.00------) más intereses sobre el principal adeudado al ----------------------NUEVE----------------------POR CIENTO (---9---%) anual. Si este pagaré es para un préstamo de Recursos Limitados (indicado en el encasillado superior "Clase de Préstamo"), el Gobierno puede CAMBIAR EL PORCIENTO DE INTERES, de acuerdo con los reglamentos de la Administración de Hogares de Agricultores, no más frecuente que trimestralmente, notificando por correo al Prestatario con treinta (30) días de anticipación a su última dirección. El nuevo tipo de interés no deberá exceder el porciento de interés más alto establecido en los reglamentos de la Administración de Hogares de Agricultores para el tipo de préstamo arriba indicado.

Principal e intereses serán pagados en ---41----plazos, según indicado abajo, excepto si es modificado por un tipo de interés diferente, en o antes de las siguientes fechas:

| | | | |
|---|---|---|---|
| $659.00-------------------- | en enero 1, 19 81; | $ N/A | en enero 1, 19- ; |
| $ N/A | en enero 1, 19 ; | $ N/A | en enero 1, 19. ; |
| $ N/A | en enero 1, 19 ; | $ N/A | en enero 1, 19 ; |
| $ N/A | en enero 1, 19 ; | $ N/A | en enero 1, 19 ; |
| $ N/A | en enero 1, 19 ; | $ N/A | en enero 1, 19 ; |
| y $ 766.00-------------------- | | | |

subsiguientemente en enero 1 de cada año hasta que el principal e intereses sean completamente pagados excepto que el plazo final de la deuda aquí evidenciada, de no ser pagada anteriormente, vencerá y será pagadero en --40---años de la fecha de este pagaré y excepto que se podrán hacer pagos adelantados según se provee más abajo. La consideración aquí envuelta respaldará cualquier convenio modificando el plan de pagos.

Si la cantidad total del préstamo no es adelantada a la fecha del cierre, el préstamo será adelantado al Prestatario según solicitado por el Prestatario y aprobado por el Gobierno. La aprobación del Gobierno será dada siempre y cuando el adelanto es solicitado para un propósito autorizado por el Gobierno. Se acumularán intereses por la cantidad de cada adelanto desde su fecha actual como se demuestra en el Registro de Adelantos en el final de este pagaré. El Prestatario autoriza al Gobierno a anotar la(s) cantidad(es) y fecha(s) de tal(es) adelanto(s) en el Registro de Adelantos.

En cada pagaré reamortizado o consolidado, o con un nuevo plan de pago, los intereses acumulados a la fecha de este instrumento deberán ser sumados al principal y ese nuevo principal acumulará intereses a razón del porciento evidenciado por este instrumento.

Todo pago hecho en cualquier deuda representada por este pagaré será primero aplicado a intereses computados a la fecha efectiva del pago y después al principal.

Jay-Ce–Agricultura                    *Posición 2*                    Forma FmHA 1940-17 (S)
(Rev. 11-1-78)

Pagos adelantados de los plazos estipulados o cualquier parte de los mismos, podrán hacerse en cualquier tiempo a opción del Prestatario. Reembolsos y pagos extras, según se definen en los reglamentos (7 C.F.R. 1861.2) de la Administración de Hogares de Agricultores, de acuerdo con la fuente de los fondos envueltos, después de abonarse los intereses, se aplicarán a los últimos plazos a vencer bajo este pagaré y no afectarán la obligación del Prestatario de pagar los restantes plazos según se especifican en el mismo. Si el Gobierno en cualquier momento cediera este pagaré y asegura el pago del mismo, el prestatario continuará haciendo los pagos al Gobierno como agente cobrador del tenedor.

Mientras este pagaré esté en poder de un prestamista asegurado, los pagos adelantados hechos por el Prestatario podrán, a opción del Gobierno, ser remitidos por el Gobierno prontamente al tenedor o, a excepción del pago final, podrán ser retenidos por el Gobierno y remitidos al tenedor a base de plazo anual vencido. La fecha efectiva de todo pago hecho por el prestatario, excepto pagos retenidos y remitidos por el Gobierno al tenedor a base de plazo anual vencido será la fecha del cheque del Tesoro de los Estados Unidos mediante el cual el Gobierno remite el pago al tenedor. La fecha efectiva de cualquier pago adelantado retenido y remitido por el Gobierno al tenedor a base de plazo anual vencido, será la fecha del pago adelantado por el Prestatario y el Gobierno pagará los intereses a los cuales el tenedor tiene derecho que se devenguen entre la fecha efectiva de cualquiera de dichos pagos adelantados y la fecha del cheque del Tesoro remitido al tenedor.

Cualquier cantidad adelantada o invertida por el Gobierno para el cobro de este pagaré o para preservar o proteger la garantía del préstamo o de otra manera invertido bajo los términos de cualquier convenio de garantía u otro instrumento otorgado en relación con el préstamo aquí evidenciado, a opción del Gobierno pasará a ser parte del préstamo y devengará intereses al mismo tipo de interés que el principal de la deuda aquí evidenciada y vencerá y será pagadera inmediatamente por el Prestatario al Gobierno sin necesidad de requerimiento.

La propiedad construida, mejorada, comprada o refinanciada en total o en parte con el préstamo aquí evidenciado no será arrendada, cedida, vendida, transferida o gravada voluntariamente o de otra forma, sin el previo consentimiento por escrito del Gobierno. A menos que el Gobierno consienta lo contrario por escrito, el Prestatario operará personalmente dicha propiedad como una finca si este préstamo es a dueño de finca (FO).

Si una "Consolidación y un Préstamo Subsiguiente", "Consolidación", "Reamortización" o un "Nuevo Plan de Pago" es indicado en el encasillado superior de la primera página "Acción que Requiere Pagaré", este pagaré es otorgado para consolidar, reamortizar o evidenciar un nuevo plan de pago pero no en satisfacción del principal e intereses del siguiente pagaré(s) o convenio(s) de subrogación (nuevos términos):

| VALOR DEL PAGARE | INTERESES | FECHA | PRESTATARIO ORIGINAL | ULTIMO PLAZO A VENCER |
|---|---|---|---|---|
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |

Los documentos de garantía tomados en relación con los préstamos evidenciados por estos pagarés descritos u otras obligaciones relacionadas no son afectadas por el otorgamiento de esta consolidación, reamortización o nuevo plan de pago. Estos instrumentos de garantía continuarán en efecto y la garantía ofrecida para los préstamos evidenciado por los pagarés descritos permanecerán como garantía para el préstamo evidenciado por este pagaré y por cualquier otra obligación relacionada.

CONVENIO DE REFINANCIAMIENTO: Si en cualquier tiempo el Gobierno determinare que el Prestatario puede obtener un préstamo de una cooperativa responsable u otra fuente de crédito privada a un tipo de interés y términos razonables para préstamos por tiempo y condiciones similares, el Prestatario, a requerimiento del Gobierno, solicitará y aceptará el préstamo en cantidad suficiente para satisfacer este pagaré en su totalidad y pagar las acciones necesarias si el prestamista es una cooperativa.

INCUMPLIMIENTO: La falta de pago a su vencimiento de cualquier deuda aquí evidenciada o el incumplimiento de cualquier condición o acuerdo bajo este documento constituirá incumplimiento bajo cualquier otro instrumento evidenciando una deuda del Prestatario asegurada o garantizada por el Gobierno o en cualquier otra forma relacionada con dicha deuda; el incumplimiento bajo cualquier otro instrumento constituirá incumplimiento bajo los términos de este documento. COMETIDO CUALQUIER INCUMPLIMIENTO, el Gobierno, a su opción, podrá declarar toda o parte de dicha deuda vencida y pagadera inmediatamente.

Este Pagaré se otorga como evidencia de un préstamo al Prestatario concedido o asegurado por el Gobierno de conformidad con la Consolidated Farm and Rural Development Act o el Emergency Agricultural Credit Adjustment Act of 1978 y para el tipo de préstamo según indicado en el encasillado "CLASE DE PRESTAMO" más arriba. Este Pagaré está sujeto a los reglamentos presentes de la Administración de Hogares de Agricultores y a sus futuros reglamentos no inconsistentes con las estipulaciones aquí consignadas.

Presentación, protesto y aviso son por la presente expresamente renunciados.

_____
JOSE A. GONZALEZ RAMOS                    (Prestatario)

_____
MARGARITA LOPEZ DIAZ                       (Prestatario)


BARRIO PUENTE DE JOBOS

GUAYAMA, PUERTO RICO   00654


## CERTIFICATION

I, Juan M. Ortiz Serbiá, of legal age, married and resident of Guayama, Puerto Rico. In my official capacity as State Executive Director of the Farm Service Agency, U.S. Department of Agriculture, hereby declare under penalty of perjury that this is a true and exact copy of the original document which I have under my custody.

San Juan, Puerto Rico

_____
Juan M. Ortiz Serbiá
State Executive Director

| REGISTRO DE ADELANTOS | | | | | |
|---|---|---|---|---|---|
| CANTIDAD | FECHA | CANTIDAD | FECHA | CANTIDAD | FECHA |
| $8,240.00 | 2/11/80 | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ 8,240.00 | 2/11/80 |
| $ | | $ | | | |
| | | | TOTAL | $ | |

NOTA:  "El importe de este pagaré y la hipoteca que lo
garantiza, reamortizado al día veintiseis (26) de-----
junio de mil novecientos ochenta y seis (1986) dió----
un saldo deudor montante a NUEVE MIL NOVECIENTOS SE---
TENTA Y UN DOLARES CON SESENTA Y UN CENTAVOS----------
($9,971.61) con intereses a razón del NUEVE (9%)------
PORCIENTO anual, cuya deuda de ahora en adelante de---
vengará un nuevo interés del OCHO Y UN CUARTOS--------
(8 1/4%) PORCIENTO anual y cuya deuda habrá de ser pa-
gada en la siguiente forma:  CUATROCIENTOS VEINTISEIS-
DOLARES ($426.00) en o antes del primero de enero de--
mil novecientos ochenta y siete (1987) y OCHOCIENTOS--
OCHENTA Y TRES DOLARES ($883.00) en o antes de cada---
primero (1ro.) de enero subsiguiente, excepto que el--
pago final de la deuda aquí asumida se hará en o------
antes del once (11) de febrero del año dos mil veinte-
(2020), según resulta de la escritura número treinta y
ocho (38) de Reamortización de Préstamo Hipotecario y-
Modificación de Hipoteca, ante la Notario Livia E.----
Rovira de Fuster.  En Guayama, Puerto Rico, a veinti--
seis (26) de junio de mil novecientos ochenta y seis--
(1986) "DOY FE".------------------------------------

LIVIA E. ROVIRA DE FUSTER
Notario Público



CERTIFIED TRANSLATION

NUMBER **TWENTY**

VOLUNTARY MORTGAGE

In **Guayama**, **Puerto Rico**, on **February 11, 1980**.

BEFORE ME

**KENNETH MARTY LÓPEZ**

Attorney and Notary Public for the Island of Puerto Rico, with residence in **Guayama, Puerto Rico**, Puerto Rico and office in **3 Ashford Street, Guayama, Puerto Rico**.

APPEAR

The persons named in paragraph TWELFTH of this mortgage hereinafter called the "mortgagor" and whose personal circumstances appear from said paragraph.

I, the Notary, attest to the personal knowledge of the appearing parties, as well as to their statements, which I believe to be true of their age, civil status, profession and residence.

They assure me that they are in full enjoyment of their civil rights, and the free administration of their property, and they have, in my judgment, the necessary legal capacity to grant this voluntary mortgage.

WITNESSETH:

FIRST: That the mortgagor is the owner of the farm or farms described in paragraph ELEVENTH of this mortgage, and of all rights and interest in the same hereinafter referred to as "the property".

2

SECOND: That the property mortgaged herein is subject to the liens specified in paragraph ELEVENTH herein.

THIRD: That the mortgagor has become obligated to the United States of America, acting through the Farmer Home Administration, hereinafter called the "mortgagee" in connection with a loan or loans evidenced by one or more promissory note(s) or assumption agreement(s) hereinafter called "the note" whether one or more.  It is required by the Government that additional monthly payments of one-twelfth of the taxes, assessments, insurance premiums and other charges estimated against the property.

FOURTH: It is understood that:

(One) The note evidences a loan or loans to the mortgagor in the principal amount specified therein made with the purpose and intention that the mortgagee, at any time, may assign the note and insure the payment thereof pursuant to the Act of Nineteen Hundred and Sixty-One consolidating the Farmers Home Administration of Title Five of the Housing Act of Nineteen Hundred and Forty-Nine, as amended.

(Two) When payment of the note is guaranteed by the mortgagee it may be assigned from time to time and each holder of the insured note, in turn, will be the insured lender.

(Three) When payment of the note is insured by the mortgagee, the mortgage will execute and deliver to the insured lender along with the note an insurance endorsement insuring the payment of the note fully as to principal and interest.

(Four) At all times when payment of the note is insured by the mortgagee, the mortgagee by agreement with the insured lender set forth in the insurance endorsement

3

will be entitled to specified portion of the interest payments on the note, to be designated the "annual charge".

(Five) A condition of the insurance of payment of the note will be that the holder will forego his rights and remedies against the mortgagor and any others in connection with said loan, as well as any benefit of this mortgage, and will accept the benefits of such insurance in lieu thereof, and upon the mortgagee's request will assign the note to the mortgagee should the mortgagor violate any covenant or agreement contained herein, in the note, or any supplementary agreement.

(Six) It is the purpose and intent of this mortgage that, among other things, at all times when the note is held by the mortgagee, or in the event the mortgagee should assign this mortgage without insurance of the note, this mortgage shall secure payment of the note; but when the note is held by an insured lender, this mortgage shall not secure payment of the note or attach to the debt evidenced thereby, but as to the note and such debt shall constitute an indemnity mortgage to secure the mortgagee against loss under its insurance endorsement by reason of any default by the mortgagor.

FIFTH: That, in consideration of said loan and (a) at all times when the note is held by the mortgagee, or in the event the mortgagee should assign this mortgage without insurance of the payment of the note, in guarantee of the amount of the note as specified in subparagraph (one) of paragraph NINTH hereof, with interest at the rate stipulated, and to secure prompt payment of the note and any renewals and extensions thereof and any agreements contained therein, (b) at all time when the note is held by

4

an insured lender, in guarantee of the amounts specified in subparagraph Two of paragraph NINTH hereof for securing the performance of the mortgagor's agreement herein to indemnify and save harmless the mortgagee against loss under its insurance endorsements by reason of any default by the mortgagor, ands (c) in any event and at all times whatsoever, in guarantee of the additional amounts specified in subparagraph (Three) of paragraph NINTH hereof, and to secure the performance of every covenant and agreement of the mortgagor contained herein or in any supplementary agreement, the mortgagor hereby constitutes a voluntary mortgage in favor of the mortgagee on the property described in paragraph ELEVENTH hereof, together with all rights, interests easements, hereditaments and appurtenances thereto belonging, the rents, issues and profits thereof and revenues and income therefrom, all improvements ands personal property now or later attached thereto or reasonably necessary to the use thereof, all water, water rights and shares in the same pertaining to the farms and all payments at any time owing to the mortgagor by virtue of any sale, lease, transfer conveyance or total or partial condemnation of or injury to any part thereof or interest therein, it being understood that this lien will continue in full force and effect until all amounts as specified in the paragraph NINTH hereof, with interest before and after maturity until paid, have been paid in full.  In case of foreclosure, the property will be answerable for the payment of the principal, interest thereon before and after maturity until paid, losses sustained by the mortgagee as insurer of the note, taxes, insurance premiums, and other disbursements and advances by the mortgagee for the mortgagor's account with interest until repaid to the mortgagee, costs, expenses and attorney's fee of the

mortgagee all extensions and renewals of any of said obligations, with interest on all and all other charges and additional amounts as specified in paragraph NINTH hereof.

SIXTH: That the mortgagor specifically agrees as follows:

(One) To pay promptly when due any indebtedness to the mortgage hereby secured and to indemnify and save harmless the mortgagee against any loss under its insurance of payment of the note by reason of any default by the mortgagor.  At all times when the note is held by an insured lender, the mortgagor shall continue to make payments on the note to the mortgagee, as collection agent for the holder.

(Two) To pay to the Mortgagee any initial fees for inspection and appraisal and any delinquency charges, now or hereafter required by regulations of the Farmer's Home Administration.

(Three) At all times when the note is held by an insured lender, any amount due and unpaid under the terms of the note, less the amount of the annual charge, may be paid by the mortgagee to the holder of the note to the extent provided in the insurance endorsement referred to in paragraph FOURTH hereof for the account of the mortgagor. Any amount due and unpaid under the terms of the note, whether it is held by the mortgagee or by an insured lender, may be credited by the mortgagee on the note and thereupon shall constitute an advance by the mortgagee for the account of the mortgagor. Any advance by the mortgagee as described in this subparagraph shall bear interest at the rate of **nine** percent (9%) per annum from the date on which the amount of the advance was due to the date of payment to the mortgagee.

(Four) Whether or not the note is insured by the mortgagee, any and all amount advanced by the mortgagee for property insurance premiums, repairs, liens and other claims, for the protection of the mortgaged property, or for taxes or assessments or other similar charges by reason of the mortgagor's failure to pay the same, shall bear interest at the rate stated in the next preceding subparagraph from the date of the advance until repaid to the mortgagee.

(Five) All advances made by mortgagee as described in this mortgage, with interest shall be immediately due and payable by the mortgagor to mortgagee without demand at the place designated in the note and shall be guaranteed hereby.  No such advance by mortgagee shall relieve the mortgagor from breach of his covenant to pay.  Such advances, with interest shall be repaid form the first available collections received from mortgagor. Otherwise, any payments made by mortgagor may be applied on the note or any indebtedness to mortgagee secured hereby, in any other mortgagee determines.

(Six) To use the loan evidenced by the note solely for purposes authorized by mortgagee.

(Seven) To pay when due all taxes, special assessments, liens and charges encumbering the property or the right or interest of mortgagee under the terms of this mortgage.

(Eight) To procure and maintain insurance against fire and other hazards are required by mortgagee on all existing buildings and improvements on the property and on any buildings and improvements put there on the future. The insurance against fire and

other hazards will be in the form ands amount on terms and conditions approved by mortgagee.

(Nine) To keep the property in good condition and promptly make all necessary repairs for the conservation of the property; he will not commit nor permit to be committed any deterioration of the property; he will not remove nor demolish any building or improvement on the property; nor will he cut or remove wood from the farm nor remove nor permit to be removed gravel, sand, oil, gas, coal, or other minerals without the consent of mortgagee, and will promptly carry out the repairs on the property that the mortgagee may request from time to time. Mortgagor shall comply with such farm conservation practices and farm and home management plans as mortgagee from time to time may prescribe.

(Ten) If this mortgage is given for a loan to a farm owner as identified in the regulations of the Farmers Home Administration, mortgagor will personally operate the property with his own and his family labor as a farm and for no other purpose and will not lease the farm or any part of it unless mortgagee agrees in writing to any other method of operation or lease.

(Eleven) To submit in the form and manner mortgagee may require information as to his income and expenses and any other information in regard to the operation of the property, and to comply with all laws, ordinances, and regulations affecting the property or its use.

(Twelve) Mortgagee, its agent's and attorneys, shall have the right at all reasonable times to inspect and examine the property for the purpose of ascertaining whether or

not the security given is being lessened or impaired, and if such inspection or examination shall disclosure, in the judgment of mortgagee, that the security given is being lessened or impaired, such condition shall be deemed a breach by the mortgagor of the covenants of this mortgage.

(Thirteen) If any other person interferes with or contests the right of possession of the mortgagor to the property, the mortgagor will immediately notify mortgagee of such action, and mortgagee at its option may institute the necessary proceedings in defense of its interest, an any costs or expenditures incurred by mortgagee by said proceedings will be charged to the mortgage debt and considered by this mortgage within the additional credit of the mortgage clause for advances, expenditures and other payments.

(Fourteen) If the mortgagor at any time while this mortgage remains in effect should abandon the property or voluntarily deliver it mortgagee, mortgagee is hereby authorized and empowered to take possession of the property, to rent and administer the same and collect the rents, benefits, and income from the same and apply them first to the costs of collection and administration and secondly to the payment of the debt evidenced by the note or any indebtedness to mortgagee hereby guaranteed, in what ever order and manner mortgagee may determine.

(Fifteen) At any time that mortgagee determinates that mortgagor may be able to obtain a loan from a credit association for production a Federal Bank or other responsible source, cooperative or private, at a rate of interest and reasonable periods of time and purposes, mortgagor, at mortgagee's request will apply for and accept said loan in

sufficient amount to pay the note and any other indebtedness secured hereby and to purchase any necessary shares of stock in the cooperative agency in regard to said loan.

(Sixteen) Should default occur in the performance or discharge if any obligation secured by this mortgage, or should mortgagor, or any one of the persons herein called mortgagor, default in the payment of any amounts or violate or fail to comply with any clause, condition, stipulation, covenant, or agreement contained herein, or in any supplementary agreement, or die or be declared an incompetent, a bankrupt, or an insolvent, or make an assignment for the benefit of creditors, or should the property or any part thereof or interest therein be assigned, sold, leased, transferred, conveyed, or encumbered voluntarily or otherwise, without the written consent of mortgagee, mortgagee is irrevocably authorized and empowered, at its option, and without notice: (One) to declare all amounts unpaid under the note, and any indebtedness to the mortgagee secured hereby, immediately due and payable and to foreclose this mortgage in accordance with law and the provisions hereof; (Two) to incur and pay reasonable expenses for the repair and maintenance of the property and any expenses and obligations that mortgagor did not pay as agreed in this mortgage, including taxes, assessments, insurance premium, and any other expenses or costs for protection and preservation of the property and this mortgage, or for compliance with any of provisions of this mortgage; and (Three) request the protection of the law.

(Seventeen) Mortgagor will pay, or reimburse mortgagee for all necessary expenses for the fulfillment of the covenants and agreements of this mortgage and of the note and of

any supplementary agreement, including the costs of survey, evidence of title, court costs, recordation fee and attorney's fees.

(Eighteen) Without in any manner affecting the right of the mortgagee to require and enforce performance at a subsequent date of the same, similar or other covenant, agreement obligation herein set forth, and without affecting the liability of any person for payment of the note or any indebtedness secured hereby, and without affections the lien created upon said property or the priority of said lien, the mortgagee is hereby authorized and empowered at any time (one) waive the performance of any covenant or obligation contained herein or in the note or any supplementary agreement; (two) deal in any way with mortgagor or grant to mortgagor any indulgence or forbearance or extension of the time for payment of the note (with the consent of the holder of the note when it is held by an insured lender) or for payment of any indebtedness to mortgagee hereby secured; or (three) execute and deliver partial releases of any part of said property from the lien hereby created or grant deferment or postponement of this mortgage to any other lien over said property.

(Nineteen) All right, title and interest in or to this mortgage, including but not limited to the power to grant consents, partial releases, subordination's, and satisfaction, shall be vested solely and exclusively in mortgagee, and no insured lender shall have any right, title or interest in or to the lien or any benefits herein contained.

(Twenty) Default hereunder shall constitute default under any other real estate or crop or chattel mortgage held or insured by mortgagee and executed or assumed by

mortgagor, and default under any such other security instrument shall constitute default hereunder.

(Twenty-One) All notices to be given under this mortgage shall be sent by certified mail unless otherwise required by law, and shall be addressed until some other address is designated in a notice so given, in the case of mortgagee to Farmers Home Administration, United States Department of Agriculture, San Juan, Puerto Rico, an in the case of mortgagor to him at the post office address of his residence as stated hereinafter.

(Twenty-Two) Mortgagor by these presents grants to mortgagee the amount of any judgment obtained by reason of condemnation proceedings for public use of the property or any part thereof as well as the amount of any judgment for damages caused to the property. The mortgagee will apply the amount so received to the payment of costs incurred in its collection and the balance to the payment of the note and any indebtedness to the mortgagee secured by this mortgage, and if any amount then remains, will pay such amount to mortgagor.

SEVENTH: That for the purpose of the first sale to be held in case of foreclosure of this mortgage, in conformity with the mortgage law, as, amended, mortgagor does hereby appraise the mortgaged property in the amount of **EIGHT THOUSAND TWO HUNDRED FORTY DOLLARS, ($8,240.00)**.

EIGHTH: Mortgagor hereby waives the requirement of law and agrees to be considered in default without the necessity of any notification of default or demand for payment on the part of mortgagee. This mortgage is subject to the rules an regulations of the

Farmers Home Administration now in effect, and to its future regulations not inconsistent with provisions of this mortgage, as well as to the laws of the Congress of the United States of America authorizing the making and insuring of the loan herein before mentioned.

NINTH: The amounts guaranteed by this mortgage are as follows:

One. At all times when the note mentioned in paragraph THIRD of this mortgage is held by mortgagee, or in the event mortgagee should assign this mortgage without Insurance of the note, **EIGHT THOUSAND TWO HUNDRED FORTY DOLLARS, ($8,240.00)**. The principal amount of said note, together with interest as stipulated therein at the rate of **nine** percent (**9%**) per annum;

Two. At all times when said note is held by an insured lender:

A. **EIGHT THOUSAND TWO HUNDRED FORTY DOLLARS, ($8,240.00)** for indemnifying the mortgagee for advances to the insured lender by reason of mortgagor's failure to pay the installments as specified in the note, with interest as stated in paragraph SIXTH,

Three;

(B) **TWELVE THOUSAND THREE HUNDRED SIXTY DOLLARS ($12,360.00)** for indemnifying the mortgagee further against any loss it might sustain under its insurance of payment of the note;

Three. In any event and at all times whatsoever:

(A) **THREE THOUSAND TWO HUNDRED NINETY-SIX DOLLARS ($3,296.00)** for default interests;

(B)   **ONE THOUSAND SIX HUNDRED FORTY-EIGHT DOLLARS ($1,648.00)** for

taxes, insurance and other advances for the preservation and protection of this

mortgage, with interest at the rate stated in paragraph

SIXTH, Three;

(C)   **EIGHT HUNDRED TWENTY-FOUR DOLLARS ($824.00)** for cost, expenses

and attorney's fees in case of foreclosure:

(D)   **EIGHT HUNDRED TWENTY-FOUR DOLLARS ($824.00)** for costs and

expenditures incurred by the mortgagee in proceedings to defend its interests against

any other person interfering with or contesting the right of possession of mortgagor to

the property as provided in paragraph (SIXTH, Thirteen.

TENTH: That the note(s) referred to in paragraph THIRD of this mortgage is (are)

described as follows:

"Promissory note executed in case number **63-06-71265816** dated the **February 11,**

**1980**, in the amount of **EIGHT THOUSAND TWO HUNDRED FORTY DOLLARS,**

**($8,240.00)** of principal plus interest over the unpaid balance at the rate of  **nine (9%)**

percent per annum, until the principal is totally paid according to the terms, installments,

conditions and stipulation contained in the promissory not and as agreed between the

borrower and the Government, except that the final installment of the entire debt herein

evidenced, if not sooner paid will be due and payable **FORTY** years from the date of

this promissory note. Said promissory note is given as evidence of a loan made by the

Government to the borrower pursuant to the law of the Congress of the United States of

America know as "Consolidated Farm and Rural Development Act of 1961or pursuant to

"Title V of the Housing Act of 1949, as amended, and is subject to present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provision thereof. Of which description I, the authorizing Notary, SO ATTEST.

ELEVENTH: That the property object of this deed and over which voluntary mortgage is constituted is described as follows:

> RURAL: Lot of land of 91.2685 cuerdas, equivalent to 35 hectares, 87 ares and 24 centiares, located on the wards of Jobos and Pozo Hondo of Río Seco, of the municipality of Guayama, which is bound by the North, with lot of land owned by the Administration of Social Programs of the Commonwealth of Puerto Rico; by the South with the main lot from which it is segregated; by the East, with lands owned by the Estate of Manuel González; by the West, with lot owned by Don Carlos A. Matos Zeno.

Borrower acquired the described property by purchase of **Don Carlos A. Matos Zeno and his wife doña Jane Lee**, as it appear to Deed Number **Eighty-Three (83)** dated **August 17, 1979** granted in the city of **Guayama, Puerto Rico**, before Notary Public **Don Ernesto Agostini Pascual**.

Registered at **the Guayama Real Estate Property Registry at page 170 of volume 276 of Municipality of Guayama, lot number 8761.** Said property is encumbered by its origin, to easement on behalf of PREPA, on behalf of the Commonwealth of Puerto Rico and to a mention of easement for a concrete basin. Encumbered also by a mortgage in guarantee of promissory note of behalf of the U.S.A., in the amount of $52,760.00.

TWELFTH: Appearing in the present deed as mortgagors **Don JOSÉ A. GONZÁLEZ RAMOS and doña MARGARITA LÓPEZ DÍAZ, of legal age, married to each other,**

15

**owners and residents of Guayama, Puerto Rico**, whose postal address is: **Puente Jobos Ward, Guayama, Puerto Rico, 00654**.

THIRTEENTH: The proceeds of the loan herein guaranteed were used or will be used for agricultural purposes and the construction and/or repair or improvement of the physical installations on the described farm(s).

FOURTEENTH: The borrower will personally occupy and use any structure constructed, improved or purchased with the proceeds of the loan herein guaranteed and shall not lease or use for other purposes said structure unless the Government so consents in writing.  Violation of this clause as well as violation of any other agreement or clause herein contained will cause the debt to become due as if the whole term had elapsed and the Government at its option may declare due and payable the loan and proceed to the foreclosure of the mortgage.

FIFTEENTH: This mortgage expressly extends to all construction or building existing on the farm(s) herein before described and all improvement, construction or building constructed on said farm(s) while the mortgage loan constituted in favor of the Government is in effect, made by the present owners or by their assignees or successors.

SIXTEENTH: The mortgagor by these presents hereby waives jointly and severally for himself and on behalf of his heirs, assignees, successors or representatives, in favor of mortgagee (Farmers Home Administration) any Homestead right (Homestead) that presently or in the future may be constructed; this waiver being permitted in favor of the

16

Farmers Home Administration by Law Number Thirteen (13) of the twenty-eight of May, nineteen hundred sixty-nine (1969) (31 L.P.R.A. 1851).

SEVENTEENTH: Mortgagee and mortgagor agree that any stove, oven, water heater, purchased or financed completely or partially with funds of the loan herein guaranteed, will be considered and understood to form part of the property encumbered by this Mortgage.

EIGHTEENTH:  The money of this loan shall be used for the following:

    $1,500.00 for improvement of fences.

    $800.00 for fixing of roads.

    $940.00 for a water system.

    $5,000.00 for feed grass improvement.

<div align="center">ACCEPTANCE</div>

The appearing parties accept this deed in all its parts for being drafted in accordance to its instructions.

I, the Notary Public, made to the appearing parties the proper legal admonishments.

They so say and grant before me, after having waived to the right I told them they had to require the presence of instrumental witnesses.

Having the appearing parties read this deed, they found it in agreement, they ratify the same, affix their initials on each and every page of this document and sign the same before me, the Notary Public, and I ATTEST everything that was consigned before in this public document.

(sgd.) Illegible

(sgd.) Illegible

CANCELLED NOTARY TAX STAMPS

OFFICIAL REAL ESTATE REGISTRY SEAL, GUAYAMA SECTION

OFFICIAL NOTARY PUBLIC SEAL


(Illegible Rubber Stamp)

(sgd.) Illegible

Notary Public


HANDWRITTEN:

    The present document is registered on page 173 of volume 276 of Guayama, lot #8761 and 4th Registration.   Also by mortgage constituted herein, said lot is encumbered by itself and by its origin to the liens appearing listed in the Eleventh Item hereof.

    Guayama, February 20, 1980.

No fees                       (sgd.) Illegible
                            Registrar

(OFFICIAL REAL ESTATE REGISTRY SEAL, GUAYAMA SECTION)

Reviewed
4/14/80
(sgd.) Illegible



**Forma FmHA 427-1 PR**
**10/77**

45.00
8.240.

------------------NUMERO   VEINTE----------------

------------------HIPOTECA VOLUNTARIA----------------

En  Guayama,  Puerto Rico, a  los  once  (11)  días de -
febrero de mil novecientos ochenta (1980).-----------

------------------ ANTE MI ----------------

------------------KENNETH MARTY LOPEZ----------------

Abogado y Notario Público de esta Isla con residencia y vecindad en
Guayama,  Puerto Rico,------y oficina en  calle Ashford --
número Tres-Norte, Guayama, Puerto Rico.----------

------------------ COMPARECEN ----------------

Las  personas  nombradas  en  el  párrafo  DUODECIMO  de  esta  hipoteca
denominados  de  aquí  en  adelante  el  "deudor  hipotecario"  y  cuyas
circunstancias personales aparecen de dicho párrafo.-----------

Doy  fe  del conocimiento  personal de los comparecientes, así como por sus
dichos de su edad, estado civil, profesión y vecindad. ------------

Aseguran  hallarse  en  el  pleno  goce  de  sus  derechos  civiles,  la  libre
administración  de  sus  bienes  y  teniendo  a  mi  juicio  la  capacidad  legal
necesaria para este otorgamiento,

EXPONEN

PRIMERO: El deudor hipotecario es dueño de la finca o fincas descritas en
el  párrafo  UNDECIMO  así  como  de  todos  los  derechos  e  intereses  en  las
mismas, denominada de aquí en adelante "los bienes".  ------------

SEGUNDO: Que  los  bienes  aquí  hipotecados  están   afectos   a  los
gravámenes que se especifican en el párrafo UNDECIMO. --------------

TERCERO: Que  el deudor hipotecario viene  obligado para con Estados
Unidos de América, actuando por conducto de la Administración de Hogares
de Agricultores, denominado de aquí en adelante el "acreedor hipotecario",
en relación con un préstamo o préstamos evidenciado por uno o más pagarés
o convenio de subrogación, denominado en adelante el "pagaré", sean uno o
más. Se requiere por el Gobierno que se hagan pagos adicionales mensuales
de una doceava parte de las contribuciones, avalúos (impuestos), primas de

Forma FmHA-427-1 PR
10/77

seguros y otros cargos que se hayan estimados sobre la propiedad hipotecaria.———————————————————————————————

CUARTO: Se sobreentiende que:———————————————————————

(Uno) El pagaré evidencia un préstamo o préstamos al deudor hipotecario por la suma de principal especificada en el mismo, concedido, con el propósito y la intención de que el acreedor hipotecario puede ceder el pagaré en cualquier tiempo y asegurar su pago de conformidad con el Acta de mil novecientos sesenta y uno consolidando la Administración de Hogares de Agricultores o el Título Quinto de la Ley de Hogares de mil novecientos cuarenta y nueve, según ha sido enmendada.———————————————

(Dos) Cuando el pago del pagaré es garantizado por el acreedor hipotecario, puede ser cedido de tiempo en tiempo y cada tenedor de dicho pagaré a su vez será el prestamista asegurado.————————————————————

(Tres) Cuando el pago del pagaré es asegurado por el acreedor hipotecario, el acreedor hipotecario otorgará y entregará al prestamista asegurado conjuntamente con el pagaré un endoso de seguro garantizando totalmente el pago de principal e intereses de dicho pagaré.————————————

(Cuatro) En todo tiempo que el pago del pagaré esté asegurado por el acreedor hipotecario, el acreedor hipotecario, por convenio con el prestamista asegurado, determinarán en el endoso de seguro la porción del pago de intereses del pagaré que será designada como "cargo anual".—————

(Cinco) Una condición del aseguramiento de pago del pagaré será de que el tenedor cederá todos sus derechos y remedios contra el deudor hipotecario y cualquiera otro en relación con dicho préstamo así como también a los beneficios de esta hipoteca y aceptará en su lugar los beneficios del seguro, y en caso de violación de cualquier convenio o estipulación aquí contenida o en el pagaré o en cualquier convenio suplementario por parte del deudor hipotecario, a requerimiento del acreedor hipotecario endosará el pagaré al acreedor hipotecario.————————————————————————

(Seis) Entre otras cosas, es el propósito e intención de esta hipoteca, que en todo tiempo cuando el pagaré esté en poder del acreedor hipotecario, o en el caso en que el acreedor hipotecario ceda esta hipoteca sin asegurar el pagaré, esta hipoteca garantizará el pago del pagaré pero cuando el pagaré





—2—

FORMA: FmHA-427-1 PR

Case 3:20-cv-01594   Document 1-11   Filed 10/28/20   Page 3 of 15

Forma FmHA-427-1 PR
10/77

esté en poder de un prestamista asegurado, esta hipoteca no garantizará el pago del pagaré o formará parte de la deuda evidenciada por el mismo, pero en cuanto al pagaré y a dicha deuda, constituirá una hipoteca de indemnización para garantizar al acreedor hipotecario contra cualquier pérdida bajo el endoso de seguro por causa de cualquier incumplimiento por parte del deudor hipotecario. —————————————————————

QUINTO: Que en consideración al préstamo y (a) en todo tiempo que el pagaré sea conservado por el acreedor hipotecario o en el caso de que el acreedor hipotecario ceda la presente hipoteca sin el seguro de pago del pagaré y en garantía del importe del pagaré según se especifica en el subpárrafo (Uno) del párrafo NOVENO con sus intereses al tipo estipulado y para asegurar el pronto pago de dicho pagaré, su renovación o extensión y cualquier convenio contenido en el mismo, (b) en todo tiempo que el pagaré sea poseído por el prestamista asegurado en garantía de las sumas especificadas en el subpárrafo (Dos) del párrafo NOVENO aquí consignado, para garantizar el cumplimiento del convenio del deudor hipotecario de indemnizar y conservar libre al acreedor hipotecario contra pérdidas bajo el endoso de seguro por razón de incumplimiento del deudor hipotecario y (c) en cualquier caso y en todo tiempo en garantía de las sumas adicionales consignadas en el subpárrafo (Tres) del párrafo NOVENO de este instrumento y para asegurar el cumplimiento de todos y cada uno de los convenios y estipulaciones del deudor hipotecario aquí contenidos o en cualquier otro convenio suplementario, el deudor hipotecario por la presente constituye hipoteca voluntaria a favor del acreedor hipotecario sobre los bienes descritos en la párrafo UNDECIMO más adelante, así como sobre los derechos, intereses, servidumbres, derechos hereditarios, adhesiones pertenecientes a los mismos, toda renta, créditos, beneficios de los mismos, y todo producto e ingreso de los mismos, toda mejora o propiedad personal en el presente o que en el futuro se adhiera o que sean razonablemente necesarias para el uso de los mismos, sobre las aguas, los derechos de agua o acciones en los mismos, pertenecientes a las fincas o a todo pago que en cualquier tiempo se adeude al deudor hipotecario por virtud de la venta, arrendamiento, transferencia, enajenación o expropiación total o parcial de o por daños a cualquier parte de las mismas o a los intereses sobre ellas, siendo entendido que este gravámen quedará en toda su fuerza y vigor hasta que las cantidades especificadas en el párrafo NOVENO con sus intereses antes y después del vencimiento hasta que los mismos hayan sido pagados en su totalidad. En caso de ejecución, los bienes responderán del pago del principal, los intereses antes y después de vencimiento, hasta su total





FORMA FmHA-427-1 PR

—3—

Forma FmHA-427-1 PR
10/77

solvento, pérdida sufrida por el acreedor hipotecario como asegurador del pagaré, contribuciones, prima de seguro o cualquier otro desembolso o adelanto por el acreedor hipotecario por cuenta del deudor hipotecario con sus intereses hasta que sean pagados al acreedor hipotecario, costas, gastos y honorarios de abogado del acreedor hipotecario, toda extensión o renovación de dichas obligaciones con intereses sobre todas y todo otro cargo o suma adicional especificada en el párrafo NOVENO de este documento. ———————

SEXTO: El deudor hipotecario expresamente conviene lo siguiente:———————

(Uno) Pagar al acreedor hipotecario prontamente a su vencimiento cualquier deuda aquí garantizada e indemnizar y conservar libre de pérdida al acreedor hipotecario bajo el seguro del pago del pagaré por incumplimiento del deudor hipotecario. En todo tiempo cuando el pagaré sea poseído por el prestamista asegurado, el deudor hipotecario continuará haciendo los pagos contra dicho pagaré al acreedor hipotecario como agente cobrador del tenedor del mismo. ——————————————————————



(Dos) A pagar al acreedor hipotecario una cuota inicial por inspección y tasación y cualquier cargo por delincuencia requerido en el presente o en el futuro por los reglamentos de la Administración de Hogares de Agricultores.

(Tres) En todo tiempo cuando el pagaré sea poseído por un prestamista asegurado, cualquier suma adeudada y no pagada bajo los términos del pagaré, menos la cantidad o carga anual, podrá ser pagada por el acreedor hipotecario al tenedor del pagaré bajo los términos provistos en el pagaré y en el endoso de seguro referido en el párrafo CUARTO anterior por cuenta del deudor hipotecario. ———————————————————



Cualquier suma vencida y no pagada bajo los términos del pagaré, sea éste poseído por el acreedor hipotecario o por el prestamista asegurado, podrá ser acreditada por el acreedor hipotecario al pagaré y en su consecuencia constituirá un adelanto por el acreedor hipotecario por cuenta del deudor hipotecario.———————————————————————

Cualquier adelanto por el acreedor hipotecario tal como se describe en este subpárrafo devengará intereses a razón del nueve——————— por ciento ( 9 %) anual a partir de la fecha en que venció el pago hasta la fecha en que el deudor hipotecario lo satisfaga.———————————

(Cuatro) Fuere o no el pagaré asegurado por el acreedor hipotecario,

—4—



Forma FmHA-427-1 PR
10/77

cualquier o todo adelanto hecho por el acreedor hipotecario para prima de seguro, reparaciones, gravámenes u otra reclamación en protección de los bienes hipotecados o para contribuciones o impuestos u otro gasto similar por razón de haber el deudor hipotecario dejado de pagar por los mismos, devengará intereses a razón del tipo estipulado en el subpárrafo anterior desde la fecha de dichos adelantos hasta que los mismos sean satisfechos por el deudor hipotecario. ————————————————————

(Cinco) Todo adelanto hecho por el acreedor hipotecario descrito en esta hipoteca con sus intereses vencerá inmediatamente y será pagadero por el deudor hipotecario sin necesidad de requerimiento alguno en el sitio designado en el pagaré y será garantizado por la presente hipoteca. Ningún adelanto hecho por el acreedor hipotecario no relevará al deudor hipotecario de su violación del convenio de pagar. Dichos adelantos, con sus intereses, se reembolsarán de los primeros pagos recibidos del deudor hipotecario. Si no hubieren adelantos, todo pago verificado por el deudor hipotecario podrá ser aplicado al pagaré o a cualquier otra deuda del deudor hipotecario aquí garantizada en el orden que el acreedor hipotecario determinare. ————————————————————

(Seis) Usar el importe del préstamo evidenciado por el pagaré únicamente para los propósitos autorizados por el acreedor hipotecario. ——————

(Siete) A pagar a su vencimiento las contribuciones, impuestos especiales, gravámenes y cargas que graven los bienes o los derechos o intereses del deudor hipotecario bajo los términos de esta hipoteca. ————————

(Ocho) Obtener y mantener seguro contra incendio y otros riesgos según requiera el acreedor hipotecario sobre los edificios y las mejoras existentes en los bienes o cualquier otra mejora introducida en el futuro. El seguro contra fuego y otros riesgos serán en la forma y por las cantidades, términos y condiciones que aprobare el acreedor hipotecario. ————————————

(Nueve) Conservar los bienes en buenas condiciones y prontamente verificar las reparaciones necesarias para la conservación de los bienes; no cometerá ni permitirá que se cometa ningún deterioro de los bienes; ni removerá ni demolerá ningún edificio o mejora en los bienes, ni cortará ni removerá madera de la finca, ni removerá ni permitirá que se remueva grava, arena, aceite, gas, carbón u otros minerales sin el consentimiento del acreedor hipotecario y prontamente llevará a efecto las reparaciones en los bienes que



—5—

Forma FmHA-427-1 PR
10/77

el acreedor hipotecario requiera de tiempo en tiempo. El deudor hipotecario cumplirá con aquellas prácticas de conservación de suelo y los planes de la finca y del hogar que el acreedor hipotecario de tiempo en tiempo pueda prescribir. ----------------------

(Diez) Si esta hipoteca se otorga para un préstamo a dueño de finca según se identifica en los reglamentos de la Administración de Hogares de Agricultores, el deudor hipotecario personalmente operará los bienes por sí y por medio de su familia como una finca y para ningún otro propósito y no arrendará la finca ni parte de ella a menos que el acreedor hipotecario consienta por escrito en otro método de operación o al arrendamiento. -----

(Once) Someterá en la forma y manera que el acreedor hipotecario requiera la información de sus ingresos y gastos y cualquier otra información relacionada con la operación de los bienes y cumplirá con todas las leyes, ordenanzas y reglamentos que afecten los bienes o su uso. --------------

(Doce) El acreedor hipotecario, sus agentes y abogados, tendrán en todo tiempo el derecho de inspeccionar y examinar los bienes con el fin de determinar si la garantía otorgada está siendo mermada o deteriorada, y si dicho examen o inspección determinare, a juicio del acreedor hipotecario, que la garantía otorgada está siendo mermada o deteriorada, tal condición se considerará como una violación por parte del deudor hipotecario de los convenios de esta hipoteca. --------------------------

(Trece) Si cualquier otra persona detentare con o impugnare el derecho de posesión del deudor hipotecario a los bienes, el deudor hipotecario inmediatamente notificará al acreedor hipotecario de dicha acción y el acreedor hipotecario, a su opción, podrá instituir aquellos procedimientos que fueren necesarios en defensa de sus intereses y los gastos y desembolsos incurrido por el acreedor hipotecario en dichos procedimientos, serán cargados a la deuda del deudor hipotecario y se considerarán garantizados por esta hipoteca dentro del crédito adicional de la cláusula hipotecaria para adelantos, gastos y otros pagos. -----------------------

(Catorce) Si el deudor hipotecario en cualquier tiempo mientras estuviere vigente esta hipoteca, abandonare los bienes o voluntariamente se los entregase al acreedor hipotecario, el acreedor hipotecario es por la presente autorizado y con poderes para tomar posesión de los bienes, arrendarlos y administrar los bienes y cobrar sus rentas, beneficios e ingresos de los mismos





--6--

Forma FmHA-427-1 PR
10/77

y aplicarlos en primer término a los gastos de cobro y administración y en segundo término al pago de la deuda evidenciada por el pagaré o cualquier otra deuda del deudor hipotecario y aquí garantizada, en el orden y manera que el acreedor hipotecario determinare. ——————————————

(Quince) En cualquier tiempo que el acreedor hipotecario determinare que el deudor hipotecario puede obtener un préstamo de una asociación de crédito para producción, de un Banco Federal u otra fuente responsable, cooperativa o privada, a un tipo de interés y términos razonables para préstamos por tiempo y propósitos similares, el deudor hipotecario, a requerimiento del acreedor hipotecario, solicitará y aceptará dicho préstamo en cantidad suficiente para satisfacer el pagaré y cualquier otra deuda aquí garantizada y pagar por las acciones necesarias en la agencia cooperativa en relación con dicho préstamo. ——————————————



(Dieciseis) El incumplimiento de cualesquiera de las obligaciones garantizadas por esta hipoteca, o si el deudor hipotecario o cualquier otra persona incluída como deudor hipotecario faltare en el pago de cualquier cantidad o violare o no cumpliere con cualquier cláusula, condición, estipulación o convenio o acuerdo aquí contenido o en cualquiera convenio suplementario, o falleciere o se declarare o fuere declarado incompetente, en quiebra, insolvente o hiciere una cesión en beneficio de sus acreedores, o los bienes o parte de ellos o cualquier interés en los mismos fueren cedidos, vendidos, arrendados, transferidos o gravados voluntariamente o de otro modo, sin el consentimiento por escrito del acreedor hipotecario, el acreedor hipotecario es irrevocablemente autorizado y con poderes, a su opción y sin notificación: (Uno) a declarar toda deuda no pagada bajo los términos del pagaré o cualquier otra deuda al acreedor hipotecario aquí garantizada, inmediatamente vencida y pagadera y proceder a su ejecución de acuerdo con la ley y los términos de la misma; (Dos) incurrir y pagar los gastos razonables para la reparación o mantenimiento de los bienes y cualquier gasto u obligación que el deudor hipotecario no pagó según se conviniere en esta hipoteca, incluyendo las contribuciones, impuestos, prima de seguro y cualquier otro pago o gasto para la protección y conservación de los bienes y de esta hipoteca o incumplimiento de cualquier precepto de esta hipoteca y (Tres) de solicitar la protección de la ley. ——————————————



(Diecisiete) El deudor hipotecario pagará o reembolsará al acreedor hipotecario todos los gastos necesarios para el fiel cumplimiento de los convenios y acuerdos de esta hipoteca, los del pagaré y en cualquier otro

FORMA FmHA-427-1 PR

Forma FmHA-427-1 PR
10/77

convenio suplementario, incluyendo los gastos de mensura, evidencia de título, costas, inscripción y honorarios de abogado. ------------------ ---

(Dieciocho) Sin afectar en forma alguna los derechos del acreedor hipotecario para requerir y hacer cumplir en cualquier fecha posterior los convenios, acuerdos u obligaciones aquí contenidas o similares u otros convenios y sin afectar la responsabilidad de cualquier persona para el pago del pagaré o cualquier otra deuda aquí garantizada y sin afectar el gravámen impuesto sobre los bienes o la prioridad del gravámen, el acreedor hipotecario es por la presente autorizado y con poder en cualquier tiempo (Uno) renunciar el cumplimiento de cualquier convenio u obligación aquí contenida o en el pagaré o en cualquier convenio suplementario: (Dos) negociar con el deudor hipotecario o conceder al deudor hipotecario cualquier indulgencia o tolerancia o extensión de tiempo para el pago del pagaré (con el consentimiento del tenedor de dicho pagaré cuando esté en manos de un prestamista asegurado) o para el pago de cualquier deuda a favor del acreedor hipotecario, y aquí garantizada; o (Tres) otorgar y entregar cancelaciones parciales de cualquier parte de los bienes de la hipoteca aquí constituída u otorgar diferimiento o postergación de esta hipoteca a favor de cualquier otro gravámen constituído sobre dichos bienes.

(Diecinueve) Todos los derechos, título e interés en y sobre la presente hipoteca, incluyendo pero no limitando el poder de otorgar consentimientos, cancelaciones parciales, subordinación, cancelación total, radica sola y exclusivamente en el acreedor hipotecario y ningún prestamista asegurado tendrá derecho, título o interés alguno en o sobre el gravámen y los beneficios aquí contenidos. ------------------------------------------------



(Veinte) El incumplimiento de esta hipoteca constituirá incumplimiento de cualesquiera otra hipoteca, préstamo refaccionario, o hipoteca de bienes muebles poseída o asegurada por el acreedor hipotecario y otorgada o asumida por el deudor hipotecario; y el incumplimiento de cualesquiera de dichos instrumentos de garantía constituirá incumplimiento de esta hipoteca.

(Veintiuno) Todo aviso que haya de darse bajo los términos de esta hipoteca será remitido por correo certificado a menos que se disponga lo contrario por ley, y será dirigido hasta tanto otra dirección sea designada en un aviso dado al efecto, en el caso del acreedor hipotecario a Administración de Hogares de Agricultores, Departamento de Agricultura de Estados Unidos, San Juan, Puerto Rico, y en el caso del deudor hipotecario, a él a la dirección postal de

Forma FmHA-427-1 PR
10/77

su residencia según se especifica más adelante. ------------------------

(Veintidos) El deudor hipotecario por la presente cede al acreedor hipotecario el importe de cualquier sentencia obtenido por expropiación forzosa para uso público de los bienes o parte de ellos así·como también el importe de la sentencia por daños causados a los bienes. El acreedor hipotecario aplicará el importe que reciba al pago de los gastos en que incurriere ·en su cobro y el balance al pago del pagaré y cualquier deuda al acreedor hipotecario garantizada por esta hipoteca, y si hubiere algún sobrante, se reembolsará al deudor hipotecario. ------------------------

SEPTIMO: Para que sirva de tipo a la primera subasta que deberá·celebrarse en caso de ejecución de esta hipoteca, de conformidad con la ley hipotecaria, según enmendada, el deudor hipotecario por la presente tasa los bienes hipotecados en la suma de OCHO MIL DOSCIENTOS CUARENTA ----
DOLARES (\$8,240.00).------------------------

OCTAVO: El deudor hipotecario por la presente renuncia al trámite de requerimiento y se considerará en mora sin necesidad de notificación alguna por parte del acreedor hipotecario. Esta hipoteca está sujeta a los reglamentos de la Administración de Hogares de Agricultores ahora en vigor y a futuros reglamentos, no inconsistentes con los términos de esta hipoteca, así como también sujeta a las leyes del Congreso de Estados Unidos de América que autorizan la asignación y aseguramiento del préstamo antes mencionado. ------------------------

NOVENO: Las cantidades garantizadas por esta hipoteca son las siguientes:

Una. En todo tiempo cuando el pagaré relacionado en el párrafo TERCERO de esta hipoteca sea poseído por el acreedor hipotecario o en caso que el acreedor hipotecario cediere esta hipoteca sin asegurar el pagaré: OCHO ---
MIL DOSCIENTOS CUARENTA -------- DOLARES(\$8,240.00) el principal de dicho pagaré, con sus intereses según estipulados a razón del nueve----------------por ciento (---9%) anual:

Dos. En todo tiempo cuando el pagaré es poseído por un prestamista asegurado:
(A) OCHO MIL DOSCIENTOS CUARENTA --------------------
------------------------ DOLARES (\$ 8,240.00 )




—9—

Forma FmHA 427-1 PR
10/77

para indemnizar al acreedor hipotecario por adelantos al prestamista

asegurado por motivo del incumplimiento del deudor hipotecario de

pagar los plazos según se especifica en el pagaré, con intereses según se

especifica en el párrafo SEXTO, Tercero; --------------------

(B)   DOCE MIL TRESCIENTOS SESENTA --------------------

----------------------------DOLARES ($ 12,360.00

para indemnizar al acreedor hipotecario además contra cualquier pérdida

que pueda sufrir bajo su seguro de pago del pagaré; -------------

Tres.  En cualquier caso y en todo tiempo; ---------------------

(A)   TRES MIL DOSCIENTOS NOVENTISEIS ---------------

-------------------------------- DOLARES ($ 3,296.00-

para intereses después de mora; -------------------------------

(B)   MIL SEISCIENTOS CUARENTIOCHO ---------------------

---------------------------------DOLARES ($ 1,648.00-

para contribuciones, seguro y otros adelantos para la conservación

protección de esta hipoteca, con intereses al tipo estipulado en el párra

SEXTO, Tercero; ------------------------------------------

(C)   OCHOCIENTOS VEINTICUATRO --------------------

-----------------------------------DOLARES ($ 824.00---

para costas, gastos y honorarios de abogado en caso de ejecución; -------

(D)   OCHOCIENTOS VEINTICUATRO ---------------------

-----------------------------------DOLARES ($ 824.00--

para costas y gastos que incurriere el acreedor hipotecario en procedimient

para defender sus intereses contra cualquier persona que intervenga

impugne el derecho de posesión del deudor hipotecario a los bienes seg

se consigna en el párrafo SEXTO, Trece. --------------------

DECIMO:  Que el (los) pagaré(s) a que se hace referencia en el párr

TERCERO de esta hipoteca es (son) descrito(s) como sigue: ---------

"Pagaré otorgado en el caso número sesenta y tres guión caro

seis guión siete uno dos seis cinco ocho uno seis

(63-06-71265816),-------fechado el día once----------

(11) de febrero de mil novecientos ochenta --------

(1980),---------------------------------------------

------------------------------------------------





FORMA FmHA 427-1 PR

10

**Forma FmHA 427-1 PR**
**10/77**

por la suma de   ocho mil doscientos cuarenta ------------

--------dólares de principal más intereses sobre el balance del principal

adeudado a razón del   nueve--------------------------------

--------(----9--) por ciento anual, hasta tanto su principal sea

totalmente satisfecho según los términos, plazos, condiciones y estipulaciones

contenidas en dicho pagaré y según acordados y convenidos entre el

Prestatario y el Gobierno;  excepto el pago final del total de la deuda aquí

representada, de no haber sido satisfecho con anterioridad, vencerá y será

pagadero a los   CUARENTA --------años de la fecha de este pagaré.

—— Dicho pagaré ha sido otorgado como evidencia de un préstamo concedido

por el Gobierno al Prestatario de conformidad con la Ley del Congreso

de los Estados Unidos de América denominada "Consolidated Farm and

Rural Development Act of 1961" o de conformidad con el "Title V of

the Housing Act of 1949", según han sido enmendadas y está sujeto a los

presentes reglamentos de la Administración de Hogares de Agricultores

y a los futuros reglamentos no inconsistentes con dicha Ley . De cuya

descripción, yo, el Notario Autorizante, DOY FE. ------------------

UNDECIMO:  Que la propiedad objeto de la presente escritura y sobre la que

se constituye Hipoteca Voluntaria, se describe como sigue: ------------





----RUSTICA:  Parcela de terreno de NOVENTA Y UNA ---
CUERDAS CON DOS MIL SEISCIENTAS NOVENTA Y CINCO DIEZ
MILESIMAS DE OTRA (91.2695 cdas.), equivalentes a --
treinta y cinco (35) hectáreas, ochenta y siete (87)
áreas y veinticuatro (24) centiáreas, sita en los --
barrios de Jobos y Pozo Hondo, lugar de Río Seco,---
del término municipal de Guayama, la cual colinda --
por el NORTE, con parcela de terreno propiedad de la
Administración de Programas Sociales del Estado ----
Libre Asociado de Puerto Rico, por el SUR, con la --
finca principal de la cual se segrega; por el ESTE,
con terrenos de la sucesión de Manuel González; y --
por el OESTE, con finca propiedad de don Carlos A.--
Matos Zeno.------------------------------------------
---------------------------------------------------
---------------------------------------------------
---------------------------------------------------
---------------------------------------------------
---------------------------------------------------
---------------------------------------------------
---------------------------------------------------
---------------------------------------------------

FORMA FmHA 427-1 PR

11

Forma FmHA 427-1 PR
10/77

Adquirió el prestatario la descrita finca por compra a---------
don Carlos A. Matos Zeno y su esposa doña Jane Lee ---
según consta de la Escritura Número ochenta y tres -------
(83)--------------de fecha diecisiete de agosto de mil
novecientos setenti-nueve otorgada en la ciudad de Guayama, -----
ante el Notario don Ernesto Agostini Pascual.-----------
Inscrita en el Registro de la Propiedad de Guayama--------
al folio ciento setenta ------del tomo dos siete seis,
del Municipio de Guayama----------------, finca ---------
número ocho siete seis uno . Dicha propiedad se encuentra
afecta por su procedencia, a servidumbre a favor de la
Autoridad de las Fuentes Fluviales de Puerto Rico, a -
favor del Estado Libre Asociado de Puerto Rico y a men-
ción de servidumbre de paso para una ranja de concreto
Afecta además a hipoteca en garantía de pagaré a favor
de Estados Unidos de América, por la suma de cincuen---
tidos mil setecientos sesenta dólares ($52,760.00).---

DUODECIMO: Que comparecen en la presente escritura como-----

Deudores Hipotecarios don JOSE A. GONZALEZ RAMOS y doña
MARGARITA LOPEZ DIAZ, mayores de edad, casados entre-
sí, propietarios y vecinos de Guayama, Puerto Rico,--
cuya direccion postal es: "Barrio Puente de Jobos, -----
Guayama, Puerto Rico   00654".-----------------------

-------------------------------------------------------




DECIMO TERCERO: El importe del préstamo aquí consignado se
usó ó será usado para fines agrícolas y la construcción y/o
reparación y/o mejoras de las instalaciones físicas en la----
finca(s) descrita(s).-------- -----------------------.---- --- ---
DECIMO CUARTO: El prestatario ocupará personalmente y usará-
cualquier estructura que haya sido construída, mejorada o----
comprada con el importe del préstamo aquí garantizado y no---
arrendará o usará para otros fines dicha estructura a menos q
el Gobierno lo consienta por escrito. La violación de esta--
clausula como la violación de cualquiera otro convenio o cláu
sula aquí contenida ocasionará el vencimiento de la obligació
como si todo el término hubiese transcurrido y en aptitud el
Gobierno de declarar vencido o pagadero el préstamo y procede
a la ejecución de la hipoteca.-------------------------- ---
DECIMO QUINTO: Esta hipoteca se extiende expresamente a toda
construcción o edificación existente en la(s) finca(s) antes-

12

Forma FmHA 427-1PR
10/77





descrita(s) y a toda mejora, construcción o edificación que
se construya en dicha finca(s) durante la vigencia del ----
préstamo hipotecario constituido a favor del Gobierno, veri
ficada por los actuales dueños deudores o por sus cesionari
o causahabientes. ──────────────────────

DECIMO SEXTO:   El deudor hipotecario por la presente──────
renuncia mancomunada y solidariamente por sí y a nombre de
sus herederos causahabientes, sucesores o representantes a-
favor del acreedor (Administración de Hogares de ──────────
Agricultores), cualquier derecho de Hogar Seguro (Homestead
que en el presente o en el futuro pudiera tener en la ─────
propiedad descrita en el párrafo undécimo y en los edificio
allí enclavados o que en el futuro fueran construídos; ────
renuncia esta permitida a favor de la Administración de ───
Hogares de Agricultores por la Ley Número trece (13) del ─
veintiocho (28) de mayo de mil novecientos sesenta y nueve
(1969) (31 L.P.R.A. 1851).────────────────────

DECIMO SEPTIMO: El acreedor y el deudor hipotecario ─────
convienen en que cualquier estufa, horno, calentador compr
do o financiado total o parcialmente con fondos del présta
aquí garantizado, se considerará e interpretará como parte
de la propiedad gravada por esta Hipoteca.────────────────

DECIMO OCTAVO:  El dinero de este préstamo se usar
para lo siguiente:─────────────────────────
───Mil quinientos dólares ($1,500.00) para mejoras
de cercas.─────────────────────────────
───Ochocientos dólares ($800.00) para arraglo de ─
caminos.───────────────────────────────
───Novecientos cuarenta dólares ($940.00) para un
sistema de agua.──────────────────────────
───Cinco mil dólares ($5,000.00) para mejora de ─
pastos.────────────────────────────────
────────────────────────────────────
────────────────────────────────────

13

14

-------------------------------------------------
---------------------ACEPTACION -------------------

---Los comparecientes aceptan esta escritura en ----
todas sus partes por estar redactada de acuerdo con-
sus instrucciones.--------------------------------

---Yo, el Notario, hice a los comparecientes las --
advertencias legales pertinentes.------------------

---Así lo dicen y otorgan los comparecientes por --
ante mí, luego de haber renunciado al derecho que -
les hice saber tenían para requerir la presencia de
testigos instrumentales.---------------------------

---Leída esta escritura por los comparecientes per-
sonalmente, la hallaron conforme, en la misma se --
ratifican, fijan sus iniciales en todos y cada uno-
de los folios de este documento y firman por ante -
mí, el Notario, que DOY FE de todo lo consignado.--
anteriormente en el presente documento público.----







firmado, signado, sellado y rubricado)  KENNETH
MARTY LOPEZ.----L· · ·· · · de (de los) otor
gante (s) ap· · · · · · · · · · riginal, en el
cual hay adh· · ·   · · esta Notaria
los correspondientes · · · · ·· · · ·· interna y del Im
puesto Notarial del Colegio de Abogados de Puerto Ric·

· · precedente  primera  copia es una fiel y exacta
tal contenido de su original, que bajo el número
acinserto obra · · el P· · · · · · Instrumentos
Públicos d· · · · · · · · · · · ·rrespondien·
· · al añó· · · · · · · · · · ochenta--- · qu·
·ne renu· · · · · · · · ·
Estados Unidos de América-------------
· ·ne la p· · · · · · · · · · · · ·yr·
niento, de· · · · · · · · · · · · de su·
·riz. Doy Fe.· · · · · · · · · ·

NOTARIO-PÚBLICO

*Inscrito el presente documento, al folio 173 del Tomo 276 de Guayama, Finca número 8761e Ins. 4ª Además de la Hipoteca que por este título se constituye dicha finca se halla afecta por si y por su procedencia a las cargas que constan relacionadas en el Hecho (Primero) de esta escritura. Guayama, 20 de Febrero de 1980.*

*Sin Dos.*

*Registrador*

CERTIFICATION

I, Juan M. Ortiz Serbiá, of legal age, married and resident of Guayama, Puerto Rico. In my official capacity as State Executive Director of the Farm Service Agency, U.S. Department of Agriculture, hereby declare under penalty of perjury that this is a true and exact copy of the original document which I have under my custody..

San Juan Puerto Rico ----------------------------------

Juan M. Ortiz Serbiá
State Executive Director

**CERTIFIED TRANSLATION**

NUMBER THIRTY-EIGHT

RE-AMORTIZATION OF LOAN MORTGAGE

AND MORTGAGE MODIFICATION

----In Guayama, Puerto Rico, on the twenty-sixth (26) day of the month of June of

nineteen eighty-six (1986).

BEFORE ME

LIVIA E. ROVIRA DE FUSTER

Attorney and notary public of Puerto Rico, with place of residence in Guayama and

active office at Doctor Ashford Street, Number Three North of said city. In order to

formalize deed of RE-AMORTIZATION OF LOAN MORTGAGE AND MORTGAGE

MODIFICATION,

APPEARING

---AS THE FIRST PARTY: As mortgage debtors: JOSE A. GONZALEZ RAMOS and his

wife MARGARITA LOPEZ DIAZ, of legal age, married to each other, owners, and

residents of Guayama, Puerto Rico.

---AS THE SECOND PARTY: As Mortgage Creditor: THE UNITED STATES OF

AMERICA, acting through and represented by, the administrator of the Farmers Home

Administration, in accordance with the provisions of the Act of Congress entitled

Consolidated Farmers Home Administration Act of 1961, with headquarters in

Washington, District of Columbia, and represented in this act by Felipe Olazagasti

Rodríguez, of legal age, married, employed and resident of Guayama, Puerto Rico, in

his official capacity as act county supervisor of the Farmers Home Administration, office

of Guayama, and whose personality is duly accredited at the Rea Estate Property

Registry.

I ATTEST

as to my personal knowledge of the parties appearing  and through their testimonies as

to their ages, civil status, occupations and places of residences. They assure me they

are in full domain of their civil rights, have free administration of their properties and,

without my knowledge to the contrary, having the necessary legal capacity to execute

this document, and as such, freely and voluntarily,

SET FORTH

---FIRST: That the mortgage debtors, JOSE A. GONZALEZ RAMOS and his wife

MARGARITA LOPEZ DIAZ, are presently the owners of the following property:

> --- "RUSTIC": Lot of land comprised of NINETY POINT TWO
> HUNDRED SIXTY-NINE *CUERDAS* (90.269 cdas.)
> equivalent to thirty-five hectares, forty-seven (47) ares and
> ninety-two (92) centares, located in Jobos and Pozo Hondo
> wards, place of Río Seco, within the municipal limits of
> Guayama, Puerto Rico. It borders to the NORTH with a lot of
> land property of the Social Programs Administration of the
> Commonwealth of Puerto Rico and with a segregated lot of
> land sold to the Roman, Apostolic and Catholic Church of
> Puerto Rico, parish of San Antonio, in Guayama, and with a
> farm property of Ramón González; to the SOUTH with the
> main farm from which it is segregated, property of Carlos A.
> Matos Zeno; to the EAST with land property of Manuel
> González's succession and to the WEST with a farm
> property of Carlos A.  Matos Zeno.
>
> REGISTRATION:  Registered on the back of page one
> hundred seventy-one (171.), of volume two hundred
> seventy-six (276) of the municipality of Guayama, lot number
> eight thousand, seven hundred sixty-one (8761), second
> (2nd) registration.
>
> ---TITLE: The borrower acquired the farm described through
> purchase from Carlos A. Matos Zeno and his then wife Jane

Lee, as evidenced in deed number eighty-three (83) dated the seventeenth (17th) of August of nineteen seventy-nine (1979) granted in the city of Guayama, Puerto Rico, before notary public Ernesto Agostini Pascual.

---ENCUMBERED: among other things, to a mortgage on behalf of the United States of America in the amount of $8,240.00 with an annual interest rate of nine percent (9%), principal plus interests payable in the timetable stipulated in said promissory note, according to deed number twetny (20) of Voluntary Mortgage dated February 11, 1980 before Notary Public Kenneth Marty López and registered on the page one hundred seventy-three (173) of volume two hundred seventy-six (276) of Guayama, Puerto Rico, lot number eight thousand seven hundred sixty-one (8761), third (4th) registration.

---SECOND: The mortgage debtors, José A. González Ramos and Margarita López Díaz, continue stating that in order to re-amortize the mortgage debt, they applied and obtained the authorization from the mortgage creditor, the United States of America, acting by conduit of and through Farmers Home Administration, in accordance with the Act of Congress entitled Consolidated Farmers Home Administration Act of 1961 and its set of rules approved to that effect, to re-amortize the mortgage debt.

---THIRD: The appearing party, José A. González Ramos and Margarita López Díaz, state that they have own and personal knowledge of all and each of the obligations, clauses and stipulations contained or mentioned in the mortgage deed, and through this act, in a clear, solemn, and definite manner, they oblige themselves to comply with all and each of said obligations, clauses and stipulations as required by the Farmers Home Administration (Fm. H.A.).

RE-AMORTIZATION AND MODIFICATION OF PAYMENTS

OF PROMISSORY NOTE AND MORTGAGE

FOURTH: The appearing party, Felipe Olazagasti Rodríguez, in his official capacity, states, that after approval of mortgage debtors, José A. Gonzalez and Margarita López Díaz, as beneficiaries of the Act of Congress entitled Consolidated Farmers Home Administration of 1961, as amended, he has agreed to re-amortize and modify the form of payment of the timetable stipulated in the promissory note and the mortgage in the following manner: the total debt balance of principal plus interests as of June twenty-six (26) of nineteen eighty-six (1986) amounts to $9,971.61 with an annual interest rate of NINE (9%) percent.  From now on, this debt will be payable in the following manner: $426.00 in or before the first (1st) day of January of nineteen eighty-seven (1987) and $883.00 on or before each subsequent first (1st) day of January, except that the final payment of the total debt herein contracted will be made in or before February 11, 2020. The new interest rate agreed upon for the re-amortization is 8.25% per year. ---FIFTH: The appearing party, Felipe Olazagasti Rodríguez, in his legal capacity, hands to me, the Notary Public, the promissory note guaranteed by the mortgage, and assures me that it has not been taxed or negotiated by its present proprietor and holder, the United States of America, and once identified by me, the Notary Public, thus making sure that it is the same promissory note, I proceed to place on its back the following note: "The amount of this promissory note and the mortgage that guarantees it, re-amortized on the twenty-sixth (26th) day of June of nineteen eighty-six (1986) yielded a debt balance of $9,971.61 with an annual interest rate of NINE (9) PERCENT (9%), which debt will be subjected from now to a new annual interest rate of 8.25% and

which will be paid in the following manner: $426.00 on or before the first day of January

of nineteen eighty-seven (1987) and $883.00 on or before each subsequent first (1st)

day of January, except that the final payment of the total debt herein contracted will be

made in or before February 11, 2020, in accordance with deed number thirty-eight (38)

of Re-amortization of Mortgage Loan and Mortgage Modification, before Notary Public

Livia E. Rovira de Fuster, in Guayama, Puerto Rico, on the twenty-sixth (26th) of June of

nineteen eighty-six (1986). I certify. (Signed, flourished, rubricated and sealed.)

<div align="center">

LIVIA E. ROVIRA DE FUSTER

NOTARY PUBLIC
</div>

Once the note is placed and signed I return it to the party appearing, Felipe Olazagasti

Rodríguez, in his legal capacity.

<div align="center">

ACCEPTANCE
</div>

---The appearing parties accept the present deed in its entirety since it is written in

accordance with their instructions.

---I, the Notary Public, made all the pertinent legal warnings to the appearing parties.

---The appearing parties state and grant it so before me, after waiving their right to

request the presence of instrumental witnesses.

---Having read the deed individually, the appearing parties ratify it, affix their initials on

each and every one of the folios of this document and sign it before me, the Notary

Public, who certify everything stipulated before in the present public document.

<div align="center">

[Signatures appear herein]
</div>

[OFFICIAL NOTARY PUBLIC SEAL]

[OFFICIAL REAL ESTATE PROPERTY SEAL, GUAYAMA SECTION]

RUBBER STAMP:

(Signed, flourished, sealed and rubricated)

LIVIA E. ROVIRA DE FUSTER

The initials of the grantor (s) appears on each folio in original, in which the stamps of the Internal Revenue and the Notary Tax of the Puerto Rico Bar Association are adhered and cancelled along with the ones from this Notary Public.

The preceding first copy is a true and exact one of the original which is filed, under the pre-inserted number, in the protocol of instruments of the Notary office at my charge and for the year nineteen eighty-six (1986) to which I submit. To certify this and at the request of José A. González, I issue the present copy, making an annotation of its issuance on the margin of the main document. I SO ATTEST.

(sgd.) Illegible

[CANCELLED NOTARY TAX STAMP]

[Handwritten annotation]

As stated in the margin, back of page 176 of volume 276 of Guayama, lot 8762.

Guayama, July 23, 1986.

No fees                                  (sgd.) Illegible

                                         Registrar

[OFFICIAL REAL ESTATE REGISTRY SEAL, GUAYAMA SECTION]

Reviewed

8/15/86

(sgd.) Illegible

--------------NUMERO TREINTA Y OCHO--------------

----REAMORTIZACION DE PRESTAMO HIPOTECARIO Y-------

------------MODIFICACION DE HIPOTECA--------------

---En Guayama, Puerto Rico a los veintiseis (26)---

días del mes de junio de mil novecientos ochenta y-

seis (1986).-----------------------------------------

----------------------ANTE MI-----------------------

-----------LIVIA E. ROVIRA DE FUSTER--------------

Abogada y Notario de Puerto Rico, con residencia y-

vecindad en Guayama, y estudio abierto en la calle-

del Doctor Ashford, número Tres Norte de dicha,----

ciudad, al efecto de formalizar escritura de-------

REAMORTIZACION DE PRESTAMO HIPOTECARIO Y MODIFI----

CACION DE HIPOTECA,--------------------------------

--------------------COMPARECEN---------------------

---DE UNA PARTE:  Como deudores hipotecarios:  Don-

JOSE A. GONZALEZ RAMOS y su esposa Doña MARGARITA--

LOPEZ DIAZ, mayores de edad, casados entre sí,-----

propietarios y vecinos de Guayama, Puerto Rico.----

---DE LA OTRA PARTE:  Como acreedor hipotecario:---

Estados Unidos de América, actuando por conducto y-

través del Administrador de la Administración de-

Hogares de Agricultores, a tenor con las disposi---

ciones de la ley del Congreso denominada "Conso----

lidated Farmer's Home Administration Act of 1961",-

con oficinas principales en Washington, Distrito de

Columbia, Estados Unidos de América, representada--

en este acto por Don Felipe Olazagasti Rodríguez,--

mayor de edad, casado, empleado y vecino de Guayama

Puerto Rico en su carácter de Supervisor Local-----

Interino de la Administración de Hogares de Agri---

cultores, Oficina de Guayama, cuyo carácter consta-

debidamente acreditado en el Registro de la Propie-

dad.-----------------------------------------------

2

--------------------DOY FE---------------------
Del conocimiento personal de los comparecientes, así

como por sus dichos de su edad, estado civil, pro---

fesión y vecindad.  Aseguran hallarse en el pleno---

goce de sus derechos civiles, con la libre adminis--

tración de sus bienes, sin que me conste nada en----

contrario, y teniendo a mi juicio la capacidad le---

gal necesaria para este acto, en tal virtud, libre--

y voluntariamente-----------------------------------
---------------------EXPONEN--------------------
---PRIMERO:  Que los deudores hipotecarios Don JOSE-

A. GONZALEZ RAMOS y su esposa Doña MARGARITA LOPEZ-

DIAZ, son actualmente dueños del siguiente inmueble:

---"RUSTICA":  Parcela de terreno con cabida de---
NOVENTA PUNTO DOSCIENTOS SESENTA Y NUEVE CUERDAS----
(90.269 cdas.) equivalentes a treinta y cinco hec--
táreas, cuarenta y siete (47) áreas y noventa y dos-
(92) centiáreas, sita en los barrios Jobos y Pozo---
Hondo, lugar del Río Seco, del término Municipal de-
Guayama, Puerto Rico, colindando por el NORTE con---
parcela de terreno propiedad de la Administración---



de Programas Sociales del Estado Libre Asociado de--
Puerto Rico, y con parcela segregada y vendida a----
la Iglesia Católica, Apostólica y Romana de Puerto--
Rico, Parroquia San Antonio de Guayama, y con finca-
propiedad del señor Ramón González; por el SUR, con-
la finca principal de la cual se segrega, propiedad-
de don Carlos A. Matos Zeno;  por el ESTE con terre-
nos de la Sucesión de Manuel González y por el------
OESTE, con finca propiedad de don Carlos A. Matos---
Zeno.-----------------------------------------------

---INSCRIPCION:  Inscrita al folio ciento setenta y-
uno (171v.) vuelto del tomo doscientos setenta y----
seis (276) del Municipio de Guayama, finca número---
ocho mil setecientos sesenta y uno (8761), inscrip--
ción segunda (2da.).--------------------------------

---TITULO:  Adquirió el prestatario la descrita fin-
ca por compra a Don Carlos A. Matos Zeno y su en----
tonces esposa Doña Jane Lee, según consta de la es--
critura número Ochenta y Tres (83) de fecha dieci---
siete (17) de agosto de mil novecientos setenta y---
nueve (1979) otorgada en la ciudad de Guayama, Puer-
to Rico, ante el notario Ernesto Agostini Pascual.--

---Afecta entre otras a una hipoteca a favor de-----

Estados Unidos de América por la suma de OCHO MIL---

DOSCIENTOS CUARENTA DOLARES ($8,240.00) con intere--

ses a razón del NUEVE (9%) PORCIENTO anual pagadero--

3

principal e intereses en los plazos que en el mismo--
pagaré se estipulan, según resulta de la escritura--
número veinte (20) de Hipoteca Voluntaria de fecha--
once (11) de febrero de mil novecientos ochenta-----
(1980), ante el Notario Público Kenneth Marty López
e inscrita al folio ciento setenta y tres (173) del-
tomo doscientos setenta y seis (276) de Guayama,----
finca número ocho mil setecientos sesenta y uno-----
(8761), inscripción cuarta (4ta.)-------------------
---SEGUNDO:  Siguen manifestando los deudores hipo--
tecarios Don José A. González Ramos y Doña Margari--
ta López Díaz, que con el fin de reamortizar la-----
deuda hipotecaria, solicitaron y obtuvieron el con--
sentimiento del acreedor hipotecario Estados Unidos-
de América actuando por conducto y a través de la---
Administración de Hogares de Agricultores de con----
formidad con la ley del Congreso titulada "Conso----
lidated Farmer's Home Administration Act of 1961" y-
el reglamento aprobado al efecto, de reamortizar la
deuda hipotecaria.----------------------------------
---TERCERO:  Manifiestan los comparecientes Don Jo--
sé A. González Ramos y Doña Margarita López Díaz----
que son de su propio y personal conocimiento todos--
y cada una de las obligaciones, cláusulas y esti----
pulaciones contenidas o mencionadas en la escritura-
de hipoteca, y en este acto en forma clara, solemne-
y terminantemente, se obligan a cumplir todas y cada
una de dichas obligaciones, cláusulas y estipula----
ciones requeridas por la Administración de Hogares--
de Agricultores (Fm.H.A.).--------------------------
-------REAMORTIZACION Y MODIFICACION DE PAGO DE-----
----------------PAGARE E HIPOTECA-------------------
---CUARTO:  Manifiesta el compareciente Don Felipe--
Olazagasti Rodríguez en el carácter que ostenta, que

4

habiéndo sido aceptada los deudores hipotecarios----
Don José A. González Ramos y Doña Margarita López---
Díaz para recibir los beneficios de la ley del------
Congreso "Consolidated Farmer's Home Administration-
Act of 1961" según enmendada, ha convenido en rea---
mortizar y modificar la forma de pago de los plazos-
consignados en el pagaré y en la hipoteca en la-----
siguiente forma: el importe total de principal e---
intereses adeudado a veintiseis (26) de junio de mil
novecientos ochenta y seis (1986) asciende a la suma
de NUEVE MIL NOVECIENTOS SETENTA Y UN DOLARES CON---
SESENTA Y UN CENTAVOS ($9,971.61) con intereses a---
razón del NUEVE (9%) PORCIENTO anual. De ahora en--
adelante esta deuda será pagada en la siguiente for-
CUATROCIENTOS VEINTISEIS DOLARES ($426.00) en--
o antes del primero (1ro.) de enero de mil novecien-
tos ochenta y siete (1987) y OCHOCIENTOS OCHENTA Y--
TRES ($883.00) DOLARES en o antes de cada enero pri-
(1ro.) subsiguiente excepto que el pago final-
del total de la deuda aquí asumida se hará en o an--
tes del once (11) de febrero del año dos mil veinte-
(2020). El nuevo interés acordado para la reamór--
tización es del OCHO Y UN CUARTOS (8 1/4%) PORCIENTO
anual.--------------------------------------------
---QUINTO: El compareciente don Felipe Olazagasti--
Rodríguez, en el carácter que ostenta, me entrega---
a mí, la Notario, el pagaré garantizado con la hipo-
teca, y me asegura no ha sido negociado ni gravado--
en forma alguna por su actual poseedor y tenedor----
Estados Unidos de América, y una vez identificado---
por mí, la Notario, cerciorándome de que se trata---
del mismo pagaré, procedo a poner al dorso del mis--
mo la siguiente nota: "El importe de este pagaré y·
la hipoteca que lo garantiza, reamortizado al-------

5

día veintiseis (26) de junio de mil novecientos----
ochenta y seis (1986) dió un saldo deudor montante--
a NUEVE MIL NOVECIENTOS SETENTA Y UN DOLARES CON----
SESENTA Y UN CENTAVOS ($9,971.61) con intereses a--
razón del NUEVE (9%) PORCIENTO anual, cuya deuda----
de ahora en adelante devengará un nuevo interés----
del OCHO Y UN CUARTOS (8 1/4%) PORCIENTO anual y cu-
ya deuda habrá de ser pagada en la siguiente forma:-
CUATROCIENTOS VEINTISEIS DOLARES ($426.00) en o an--
tes del primero de enero de mil novecientos ochenta·
y siete (1987) y OCHOCIENTOS OCHENTA Y TRES DOLARES·
($883.00) en o antes de cada primero (1ro.) de enero
subsiguiente, excepto que el pago final de la deuda·
aquí asumida se hará en o antes del once (11) de---
febrero del año dos mil veinte (2020), según result.
de la escritura número treinta y ocho (38)----------
_____



de Reamortización de Préstamo Hipotecario y Modi---
ficación de Hipoteca, ante la Notario Livia E. Ro--
vira de Fuster.  En Guayama, Puerto Rico, a veinti-
seis (26) de junio de mil novecientos ochenta y sei
(1986) "DOY FE".  (Firmado, signado, rubricado y---
sellado).-------------------------------------------
-------------LIVIA E. ROVIRA DE FUSTER-------------
------------------NOTARIO PUBLICO------------------
Una vez puesta y firmada la nota lo devuelvo al com
pareciente, señor Felipe Olazagasti Rodríguez en el
carácter que ostenta.-------------------------------
----------------------------------------------------
----------------------------------------------------
----------------------------------------------------
----------------------------------------------------
----------------------------------------------------
----------------------------------------------------

6

```
--------------------ACEPTACION--------------------
---Los comparecientes expresamente aceptan esta----
escritura en todas sus partes por estar redactada---
de acuerdo con sus instrucciones.--------------------
---Yo, la Notario, hice a los comparecientes las----
advertencias legales pertinentes.--------------------
---Así lo dicen y otorgan los comparecientes por----
ante mí, luego de haber renunciado al derecho que---
les hice saber tenían para requerir la presencia de
testigos instrumentales.----------------------------
---Leída esta escritura por los otorgantes personal-
mente, en la misma se ratifican, fijan sus iniciales
en todos y cada uno de los folios de este documento-
y firman ante mí, la Notario, que DOY FE de todo lo-
consignado anteriormente en el presente documento---
público.--------------------------------------------
```



(Certificación al dorso...

(Firmado, signado, sellado y rubricado)
**LIVIA E, ROVIRA DE FUSTER**
Las iniciales de (el) (los) otorgante (s)
aparecen en cada folio del original, en
el cual hay adheridos y cancelados con
el de esta Notaría los correspondientes
sellos de Rentas Internas y del Impuesto
Notarial del Colegio de Abogados de
Puerto Rico.

La precedente _____primera_____ copia
es una fiel y exacta del contenido de
su original que bajo el número preinserto
obra en el protocolo de instrumentos
públicos de esta Notaría a mi cargo
correspondiente al año de mil novecientos
_____ochenta y seis (1986)_____a
que me remito. En fe de ello y solicitud
de _____José A. González Ramos_____libro
la presente, dejando anotada su saca
al margen de su matriz, DOY FE.

ÇERTIFICATION

I, Juan M. Ortiz Serbiá, of legal age, married
and a resident of Guayama, Puerto Rico. In my
official capacity as State Executive Director of
the Farm Service Agency, U.S. Department of
Agriculture, hereby declare under penalty of
perjury that this is a true and exact copy of
the original document which I have under my
custody.
San Juan, Puerto Rico ----------------------------

Juan M. Ortiz Serbiá
State Executive Director



Llamadas razonal margen folio 776 vto.
del tomo 27 de Guayama faz 876 v.
Guayama a 23 de Julio de 1986

Sin seros.

Revisada
8-15-86
Juan N Mercado Acevedo

*13 21. 207*

Exhibit 14

## UNITED STATES DEPARTMENT OF AGRICULTURE
## FARM SERVICE AGENCY

654 Muñoz Rivera Avenue
654 Plaza Suite #829
San Juan, PR 00918

Borrower:   Lopez Diaz, Margarita          Case No:   63-006-7512

### *CERTIFICATION OF INDEBTEDNESS*

I, Carlos J. Morales, of legal age, single, a resident of San Juan, Puerto Rico, in my official capacity as Loan Resolution Task Force Contractor of the *Farm Service Agency*, United States Department of Agriculture (USDA), state that:

- The borrower's indebtedness is as shown in the following Statement of Account, according to information obtained from all available records at the USDA-Farm Service Agency:

*Statement of Account as of*      *September 9, 2020*

| Loan Number | 45-06 | |
|---|---|---|
| Note Amount | $ | 8,240.00 |
| Original Note Date | 2/11/1980 | |
| Date of Last Payment | 2/16/2015 Offset | |
| Principal Balance | $ | 2,560.62 |
| Unpaid Interest | $ | 1,572.14 |
| Misc. Charges | $ | - |
| Total Balance | $ | 4,132.76 |
| Daily Interest Accrual | $ | 0.5788 |
| Amount Delinquent | $ | 3,765.67 |
| Years Delinquent | 6 | |

| Loan Number | 41-07 | |
|---|---|---|
| Note Amount | $ | 52,760.00 |
| Original Note Date | 8/17/1979 | |
| Date of Last Payment | 3/16/2020 Offset | |
| Principal Balance | $ | 59,304.93 |
| Unpaid Interest | $ | 91,795.53 |
| Misc. Charges | $ | - |
| Total Balance | $ | 151,100.46 |
| Daily Interest Accrual | $ | 8.1240 |
| Amount Delinquent | $ | 151,100.46 |
| Years Delinquent | Fully matured | |

- The information in the above Statement of Account in affiant's opinion is a true and correct statement of the aforementioned account and to this date remains due and unpaid.

- The defendant is neither a minor, nor incompetent, nor in the military service of the United States of America.

- The above information is true and correct to the best of my knowledge and belief, and is made under penalty of perjury as allowed by 28 U.S.C. 1746.

*Carlos J. Morales*

Digitally signed by CARLOS MORALES (Affiliate)
DN: c=US, o=U.S. Government, ou=Department of
Agriculture, 0.9.2342.19200300.100.1.1=12001003816118,
cn=CARLOS MORALES (Affiliate)
Date: 2020.09.09 12:23:18 -04'00'
Adobe Acrobat version: 2020.012.20041

Carlos J. Morales Lugo
LRTF Contractor
September 9, 2020

Department of Defense Manpower Data Center

Results as of : Feb-20-2020 12:25:13 PM

SCRA 5.3



**Status Report**
**Pursuant to Servicemembers Civil Relief Act**

Exhibit 15

SSN:              XXX-XX-7512
Birth Date:
Last Name:        LOPEZ DIAZ
First Name:       MARGARITA
Middle Name:
Status As Of:     Feb-20-2020
Certificate ID:   SNY3FDRW8HPHVVS

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.

Michael V. Sorrento, Director
Department of Defense - Manpower Data Center
400 Gigling Rd.
Seaside, CA  93955

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. ? 501 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940).  DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate.  In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service. Service contact information can be found on the SCRA website's FAQ page (Q33) via this URL: https://scra.dmdc.osd.mil/faq.xhtml#Q33.  If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you.  See 50 USC App. ? 521(c).

This response reflects the following information:  (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days  preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC ? 101(d) (1).  Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available.  In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC ? 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds.  All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support.  This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs).  Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate.  SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC ? 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction.  The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING:  This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester.  Providing erroneous information will cause an erroneous certificate to be provided.

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Puerto Rico

| | |
|---|---|
| United States of America,<br>acting through the<br>United States Department of Agriculture<br><br>_____<br>*Plaintiff(s)*<br>v.<br>MARGARITA LÓPEZ DÍAZ, et als.<br><br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No.

FORECLOSURE OF MORTGAGE

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* LUCÍA GONZÁLEZ LOPEZ
St. Rd. 713, Km. 3.0
Cimarrona Wd.
Guayama, P.R. 00784

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

JUAN CARLOS FORTUÑO FAS
P.O. BOX 3908
GUAYNABO PR 00970

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*MARIA ANTONGIORGI-JORDAN, ESQ.*
*CLERK OF COURT*

Date: _____        _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

<h1 style="text-align:center">PROOF OF SERVICE</h1>
***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $     0     .

I declare under penalty of perjury that this information is true.


Date: _____            _____
                                        *Server's signature*

                                 _____
                                        *Printed name and title*

                                 _____
                                        *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Puerto Rico

| | |
|---|---|
| United States of America, acting through the United States Department of Agriculture<br><br>_____<br>*Plaintiff(s)*<br><br>v.<br><br>MARGARITA LÓPEZ DÍAZ, et als.<br><br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No.<br><br>   FORECLOSURE OF MORTGAGE |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  MARGARITA LÓPEZ DÍAZ
St. Rd. 713, Km. 3.0
Cimarrona Wd.
Guayama, P.R. 00784

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

JUAN CARLOS FORTUÑO FAS
P.O. BOX 3908
GUAYNABO PR 00970

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*MARIA ANTONGIORGI-JORDAN, ESQ.*
*CLERK OF COURT*

Date: _____          _____
                                                               *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $        0        .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

## District of Puerto Rico

| | |
|---|---|
| United States of America,<br>acting through the<br>United States Department of Agriculture<br><br>———————————————————<br>*Plaintiff(s)*<br>v.<br>MARGARITA LÓPEZ DÍAZ, et als.<br><br>———————————————————<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No.<br>)   FORECLOSURE OF MORTGAGE<br>)<br>)<br>)<br>) |

### SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* MINOR "JGL", through her guardian or legal custodian Margarita López Díaz
St. Rd. 713, Km. 3.0
Cimarrona Wd.
Guayama, P.R. 00784

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

JUAN CARLOS FORTUÑO FAS
P.O. BOX 3908
GUAYNABO PR 00970

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*MARIA ANTONGIORGI-JORDAN, ESQ.*
*CLERK OF COURT*

Date: _____          _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

&#10065; I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

&#10065; I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

&#10065; I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

&#10065; I returned the summons unexecuted because _____ ; or

&#10065; Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Puerto Rico

| | |
|---|---|
| United States of America, acting through the United States Department of Agriculture <br><br> *Plaintiff(s)* <br><br> v. <br><br> MARGARITA LÓPEZ DÍAZ, et als. <br><br> *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) <br><br> Civil Action No. <br><br> FORECLOSURE OF MORTGAGE |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  RAQUEL GONZÁLEZ LÓPEZ
St. Rd. 713, Km. 3.0
Cimarrona Wd.
Guayama, P.R. 00784

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

JUAN CARLOS FORTUÑO FAS
P.O. BOX 3908
GUAYNABO PR 00970

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*MARIA ANTONGIORGI-JORDAN, ESQ.*
*CLERK OF COURT*

Date: _____          _____
                                              *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $    0    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Puerto Rico

| | |
|---|---|
| United States of America, acting through the United States Department of Agriculture | ) ) ) ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| MARGARITA LÓPEZ DÍAZ, et als. | ) |
| | ) |
| | ) |
| _____ | ) |
| *Defendant(s)* | ) |

Civil Action No.

FORECLOSURE OF MORTGAGE

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  UNITED STATES OF AMERICA
c/o United States Attorney
Suite 1201, Torre Chardón, 350 Chardón Street
San Juan, Puerto Rico 00918

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

JUAN CARLOS FORTUÑO FAS
P.O. BOX 3908
GUAYNABO PR 00970

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*MARIA ANTONGIORGI-JORDAN, ESQ.*
*CLERK OF COURT*

Date: _____        _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0 .


I declare under penalty of perjury that this information is true.


Date: _____


_____
*Server's signature*


_____
*Printed name and title*


_____
*Server's address*


Additional information regarding attempted service, etc:

# UNITED STATES DISTRICT COURT

## DISTRICT OF PUERTO RICO

### CATEGORY SHEET

**You must accompany your complaint with this Category Sheet, and the Civil Cover Sheet (JS-44).**

Attorney Name (Last, First, MI):     Fortuño, Juan Carlos

USDC-PR Bar Number:     211913

Email Address:     jcfortuno@fortuno-law.com

1.      Title (caption) of the Case (provide only the names of the <u>first</u> party on <u>each</u> side):

     Plaintiff:     UNITED STATES OF AMERICA, acting through the USDA

     Defendant:     MARGARITA LÓPEZ DÍAZ; ET ALS.

2.      Indicate the category to which this case belongs:

     ☒ Ordinary Civil Case

     ☐ Social Security

     ☐ Banking

     ☐ Injunction

3.      Indicate the title and number of related cases (if any).

     N/A

4.      Has a prior action between the same parties and based on the same claim ever been filed before this Court?

     ☐ Yes

     ☒ No

5.      Is this case required to be heard and determined by a district court of three judges pursuant to 28 U.S.C. § 2284?

     ☐ Yes

     ☒ No

6.      Does this case question the constitutionality of a state statute?  (See, Fed.R.Civ. P. 24)

     ☐ Yes

     ☒ No

Date Submitted:     October 28, 2020

rev. Dec. 2009

Print Form        Reset Form

JS 44   (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| UNITED STATES OF AMERICA | MARGARITA LÓPEZ DÍAZ, et als. |
| **(b)** County of Residence of First Listed Plaintiff _____ <br> *(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant Guayama, P.R. <br> *(IN U.S. PLAINTIFF CASES ONLY)* <br> NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF <br> THE TRACT OF LAND INVOLVED. |
| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)* <br> Juan C. Fortuño Fas <br> Po Box 3908, Guaynabo, PR 00970 <br> Tel. 787-751-5290 | Attorneys *(If Known)* |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1   U.S. Government
      Plaintiff

☐ 2   U.S. Government
      Defendant

☐ 3   Federal Question
      *(U.S. Government Not a Party)*

☐ 4   Diversity
      *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place <br> of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place <br> of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a <br> Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance <br> ☐ 120 Marine <br> ☐ 130 Miller Act <br> ☐ 140 Negotiable Instrument <br> ☐ 150 Recovery of Overpayment <br> & Enforcement of Judgment <br> ☐ 151 Medicare Act <br> ☐ 152 Recovery of Defaulted <br> Student Loans <br> (Excludes Veterans) <br> ☐ 153 Recovery of Overpayment <br> of Veteran's Benefits <br> ☐ 160 Stockholders' Suits <br> ☐ 190 Other Contract <br> ☐ 195 Contract Product Liability <br> ☐ 196 Franchise | **PERSONAL INJURY** <br> ☐ 310 Airplane <br> ☐ 315 Airplane Product <br> Liability <br> ☐ 320 Assault, Libel & <br> Slander <br> ☐ 330 Federal Employers' <br> Liability <br> ☐ 340 Marine <br> ☐ 345 Marine Product <br> Liability <br> ☐ 350 Motor Vehicle <br> ☐ 355 Motor Vehicle <br> Product Liability <br> ☐ 360 Other Personal <br> Injury <br> ☐ 362 Personal Injury - <br> Medical Malpractice | **PERSONAL INJURY** <br> ☐ 365 Personal Injury - <br> Product Liability <br> ☐ 367 Health Care/ <br> Pharmaceutical <br> Personal Injury <br> Product Liability <br> ☐ 368 Asbestos Personal <br> Injury Product <br> Liability <br> **PERSONAL PROPERTY** <br> ☐ 370 Other Fraud <br> ☐ 371 Truth in Lending <br> ☐ 380 Other Personal <br> Property Damage <br> ☐ 385 Property Damage <br> Product Liability | ☐ 625 Drug Related Seizure <br> of Property 21 USC 881 <br> ☐ 690 Other | ☐ 422 Appeal 28 USC 158 <br> ☐ 423 Withdrawal <br> 28 USC 157 <br> **PROPERTY RIGHTS** <br> ☐ 820 Copyrights <br> ☐ 830 Patent <br> ☐ 835 Patent - Abbreviated <br> New Drug Application <br> ☐ 840 Trademark <br> **SOCIAL SECURITY** <br> ☐ 861 HIA (1395ff) <br> ☐ 862 Black Lung (923) <br> ☐ 863 DIWC/DIWW (405(g)) <br> ☐ 864 SSID Title XVI <br> ☐ 865 RSI (405(g)) | ☐ 375 False Claims Act <br> ☐ 376 Qui Tam (31 USC <br> 3729(a)) <br> ☐ 400 State Reapportionment <br> ☐ 410 Antitrust <br> ☐ 430 Banks and Banking <br> ☐ 450 Commerce <br> ☐ 460 Deportation <br> ☐ 470 Racketeer Influenced and <br> Corrupt Organizations <br> ☐ 480 Consumer Credit <br> ☐ 485 Telephone Consumer <br> Protection Act <br> ☐ 490 Cable/Sat TV <br> ☐ 850 Securities/Commodities/ <br> Exchange |
| **REAL PROPERTY** <br> ☐ 210 Land Condemnation <br> ☒ 220 Foreclosure <br> ☐ 230 Rent Lease & Ejectment <br> ☐ 240 Torts to Land <br> ☐ 245 Tort Product Liability <br> ☐ 290 All Other Real Property | **CIVIL RIGHTS** <br> ☐ 440 Other Civil Rights <br> ☐ 441 Voting <br> ☐ 442 Employment <br> ☐ 443 Housing/ <br> Accommodations <br> ☐ 445 Amer. w/Disabilities - <br> Employment <br> ☐ 446 Amer. w/Disabilities - <br> Other <br> ☐ 448 Education | **PRISONER PETITIONS** <br> **Habeas Corpus:** <br> ☐ 463 Alien Detainee <br> ☐ 510 Motions to Vacate <br> Sentence <br> ☐ 530 General <br> ☐ 535 Death Penalty <br> **Other:** <br> ☐ 540 Mandamus & Other <br> ☐ 550 Civil Rights <br> ☐ 555 Prison Condition <br> ☐ 560 Civil Detainee - <br> Conditions of <br> Confinement | **LABOR** <br> ☐ 710 Fair Labor Standards <br> Act <br> ☐ 720 Labor/Management <br> Relations <br> ☐ 740 Railway Labor Act <br> ☐ 751 Family and Medical <br> Leave Act <br> ☐ 790 Other Labor Litigation <br> ☐ 791 Employee Retirement <br> Income Security Act <br> **IMMIGRATION** <br> ☐ 462 Naturalization Application <br> ☐ 465 Other Immigration <br> Actions | **FEDERAL TAX SUITS** <br> ☐ 870 Taxes (U.S. Plaintiff <br> or Defendant) <br> ☐ 871 IRS—Third Party <br> 26 USC 7609 | ☐ 890 Other Statutory Actions <br> ☐ 891 Agricultural Acts <br> ☐ 893 Environmental Matters <br> ☐ 895 Freedom of Information <br> Act <br> ☐ 896 Arbitration <br> ☐ 899 Administrative Procedure <br> Act/Review or Appeal of <br> Agency Decision <br> ☐ 950 Constitutionality of <br> State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original
     Proceeding

☐ 2 Removed from
     State Court

☐ 3 Remanded from
     Appellate Court

☐ 4 Reinstated or
     Reopened

☐ 5 Transferred from
     Another District
     *(specify)*

☐ 6 Multidistrict
     Litigation -
     Transfer

☐ 8 Multidistrict
     Litigation -
     Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Consolidated Farm & Development Act, 7 USC 1921, et seq. & 28 USC 1345

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $
155,233.22

CHECK YES only if demanded in complaint:

JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____

DOCKET NUMBER _____

DATE   October 28, 2020

SIGNATURE OF ATTORNEY OF RECORD

*Juan Carlos Fortuño Fas*

**FOR OFFICE USE ONLY**

RECEIPT #   _____   AMOUNT   _____   APPLYING IFP   _____   JUDGE   _____   MAG. JUDGE   _____